STAR CREST BAKING CO., INC. *vs.* JOHN H. CANGEMI.

FEBRUARY 27, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This action in assumpsit was tried before a justice of the superior court sitting without a jury. He entered a decision for the defendant and the case is before us on the plaintiff's exception thereto.

On December 4, 1961, after a showing that proper notice had been given, for cause shown we granted the motion of

defendant's counsel for leave to withdraw from the case on condition that they notify defendant of our action and of the date to which the appeal was assigned for hearing. The conditions having been met, the case was heard on January 15, 1962 on plaintiff's briefs and oral argument, the defendant not appearing.

The plaintiff, a New York corporation, is engaged in the business of manufacturing and selling cookies, biscuits and other baked products. In 1959 it entered into a contract in this state with defendant, a resident of this state. Under the contract plaintiff agreed to sell its products to defendant for sale and distribution by the latter to retail stores in this state and in the Cape Cod area of Massachusetts. The contract also provided that defendant would solicit and take orders from the retail outlets, subject to plaintiff's approval; that he would transmit such orders to plaintiff in New York; and that the latter would fill them and ship the products to defendant in Rhode Island.

The plaintiff has brought the instant action to collect a sum of money which it claims is owed by defendant for products sold and delivered by it to defendant. At the hearing in the superior court defendant contended that plaintiff was carrying on business in this state without qualifying in compliance with the provisions and requirements of G. L. 1956, §§7-2-22 to 7-2-28, inclusive, and that, therefore, it was barred by §7-2-28 from maintaining the instant action.

Section 7-2-22 prohibits foreign corporations, other than insurance companies, from carrying on business in this state unless they comply with the requirements of §§7-2-23 to 7-2-28, inclusive. Section 7-2-23 prescribes the requirements which such corporations must comply with as a condition precedent to carrying on business in this state or to enforcing in the courts of this state any contract made within this state. And §7-2-28 provides that no action at law or suit in equity shall be maintained or recovery had by any

such corporation on any contract made within this state in any of the courts of this state so long as it fails to comply with such requirements.

The plaintiff, on the contrary, contended that it was engaged in interstate business and was therefore exempted from the requirements of §§7-2-22 to 7-2-28, inclusive, by §7-2-29, which provides that "Nothing in §§7-2-22 to 7-2-28, inclusive, shall be construed to apply to any business done in this state by any foreign corporation having authority, regardless of the will of this state, to do such business in this state under the Constitution or laws of the United States."

It appears from the evidence, and plaintiff admits, that at various times it sent its agents into this state to assist defendant in securing orders from local retail stores; that these agents solicited orders from such retail stores and transmitted the same to defendant; and that the latter forwarded the orders to plaintiff in New York for filling and shipment to him in this state.

On the basis of such evidence the trial justice found that plaintiff was engaged in intrastate business in this state. He therefore held that plaintiff was subject to the requirements of §§7-2-23 and 7-2-28 and that, having failed to comply therewith it could not maintain the instant action. The plaintiff contends that the decision is against the law and the evidence and the weight thereof.

The question raised on this appeal is whether the trial justice erred in finding that plaintiff was engaged in intrastate business in this state and in holding that it could not maintain the instant action because of its failure to comply with §§7-2-23 and 7-2-28.

The plaintiff admits that it has not registered in accordance with the requirements of §7-2-23 and it concedes that its agents were sent here to assist defendant in securing orders from local retail stores. In our opinion the evidence supports the finding of the trial justice that plaintiff was

carrying on an intrastate business in this state in connection with the sale of its products for the purpose of promoting business between defendant and the local retail stores.

The facts in the case at bar are substantially and materially similar to those in *Eli Lilly & Co.* v. *Sav-On-Drugs, Inc.*, 366 U. S. 276, and in the *Northwestern Consolidated Milling Co.* case reported in *Cheney Brothers Co.* v. *Commonwealth of Massachusetts*, 246 U. S. 147 at page 155, in both of which the court held the transactions were intrastate. In *Eli Lilly & Co.*, the court cited with approval the finding in *Northwestern Consolidated Milling Co.* holding that inducing one local merchant to buy a particular class of goods from another local merchant was domestic business. The reasoning of the court in those cases applies to the case at bar.

The plaintiff has cited certain cases in support of its contention that it was engaged in interstate commerce. We do not deem it necessary to discuss those cases because, although we agree with the principles of law stated therein, they are not factually in point and do not pertain to the precise issue before us.

Although it is true, as the trial justice found, that the contract between the parties in the case at bar was an interstate transaction, it does not follow that plaintiff was exempted from the requirements of §7-2-23, if it was also engaged in intrastate business. An analogous situation existed in *Northwestern Consolidated Milling Co.* and in *Eli Lilly & Co.* In the latter case the New Jersey trade in Lilly's pharmaceutical products was carried on through both interstate and intrastate channels. Lilly manufactured the products and sold them in interstate commerce to certain New Jersey wholesalers. Those wholesalers then sold the products in intrastate commerce to New Jersey hospitals, physicians and retail stores, and the retail stores in turn sold them in intrastate commerce to the general public.

In discussing the question in that case the court said at page 278:

"It is well established that New Jersey cannot require Lilly to get a certificate of authority to do business in the State if its participation in this trade is limited to its wholly interstate sales to New Jersey wholesalers. Under the authority of the so-called 'drummer' cases, such as *Robbins* v. *Shelby County Taxing District,* Lilly is free to send salesmen into New Jersey to promote this interstate trade without interference from regulations imposed by the State. On the other hand, it is equally well settled that if Lilly is engaged in intrastate as well as interstate aspects of the New Jersey drug business, the State can require it to get a certificate of authority to do business. In such a situation, Lilly could not escape state regulation merely because it is also engaged in interstate commerce."

Similarly, in the instant case, plaintiff manufactured its products and sold them in interstate commerce to defendant and, in addition, participated in promoting intrastate sales between defendant and the local retail outlets. In the circumstances, on the basis of the record before him, the trial justice was warranted in holding that plaintiff could not maintain the instant action.

In *New England Die Co.* v. *General Products Co.,* 92 R. I. 292, 168 A.2d 150, we held that the pertinent provisions of §7-2-28 do not operate so as to bar a foreign corporation from instituting an action ex contractu in our courts prior to compliance with the statutory requirement concerning qualification and that therefore qualification during the course of the trial of such an action constituted compliance within the purview of the statute. The plaintiff in that case qualified as a foreign corporation to do business in this state before it closed its case. The question whether the plaintiff can qualify before the entry of judgment in the instant case is not before us.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

### MOTION FOR REARGUMENT.

### MAY 3, 1962.

PER CURIAM. After our decision in the above case was filed, the plaintiff was granted permission to present a motion for reargument. Pursuant thereto it has filed such a motion setting out therein the particular reasons on which it bases its contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Kirshenbaum & Kirshenbaum, John F. Sheehan,* for plaintiff.

(No appearance for defendant.)