350 A.2d 397

SAMUEL RAHEB *vs.* THEODORE LEMENSKI.

JANUARY 27, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

Doris, J. This is a civil action wherein the plaintiff, Samuel Raheb, claims monies due and owing from the defendant, Theodore Lemenski, as evidenced by a promissory note executed on August 24, 1971, and on other unpaid loans made to the defendant between 1969 and 1971. After trial before a Superior Court justice sitting without a jury, judgment was entered for the defendant. From that judgment the plaintiff has appealed to this court.

The plaintiff testified that he was the operator of a market in Central Falls, that he had known defendant all his life and over the years had made various loans to him which had been repaid. Mr. Raheb stated that from

December 31, 1969 to August 24, 1971, he had loaned to Lemenski $15,000 at an agreed interest rate of 8 percent on which no payments had been made except for a payment of $400 which represented the interest due for one year. The plaintiff also testified that on some occasions when he loaned money to defendant, that defendant executed a promissory note and that on other occasions no promissory note was executed.

The defendant testified that he had known plaintiff for 15 or 20 years and had borrowed money from him for the first time in 1969. He stated that at that time he borrowed the sum of $1500 and paid that amount plus $75 as "juice" in 10 days. The defendant stated that over the years plaintiff had made 20 to 30 loans to him for which he always executed a promissory note to plaintiff, and that when payment was made plaintiff returned the notes which he then destroyed and disposed of. Lemenski testified that on August 24, 1971, when he executed the promissory note in issue here, he did not owe Raheb any money. The defendant further stated that he received $5,000 from plaintiff on August 24, 1971, for which he executed the promissory note in issue and agreed to repay the amount of $6,000 in three weeks. He explained that plaintiff referred to the additional money as "juice". The defendant testified that he had made payments to plaintiff on the promissory note in the amount of $3500. He further testified that he made payments to plaintiff by borrowing money from various loan companies.

The trial justice found that the loans in issue were made. He further found plaintiff's version of the transactions to be incredible and not worthy of belief. The trial justice stated that he believed defendant's version of the transactions. On these findings he further found that the loans were made at rates of interest in excess of the

maximum rate of interest allowed under G. L. 1956 (1969 Reenactment) §6-26-2 and were therefore usurious.

Before us, plaintiff refers to a belated plea of usury by defendant. The record indicates, however, that a stipulation filed in the case on the date of trial had been executed by counsel on May 14, 1973.[1] The plaintiff was consequently not surprised by the plea neither was any surprise claimed nor was a request for a continuance made in the court below. We find no merit in this contention by plaintiff.

The plaintiff now contends that defendant failed to sustain his burden of proof as to payment or illegality because of usury. He alleges that the trial justice overlooked plaintiff's material evidence and misconceived and gave undue weight to defendant's testimony and was therefore clearly wrong.

It is well settled that the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this court on appeal unless it can be shown that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence. *Barattini* v. *McGovern*, 110 R. I. 360, 292 A.2d 860 (1972).

Here the testimony is in conflict and the trial justice specifically rejected plaintiff's testimony and accepted the testimony of defendant. The plaintiff's argument really is concerned with this action of the trial justice in weighing the evidence and assessing the credibility of the witnesses. He argues, in effect, that plaintiff's testimony should have been accepted as more credible than that of defendant. These are the functions of the trial court and not the functions of the appellate court. *Fournier* v. *Ward,* 111 R. I. 467, 306 A.2d 802 (1973); *Boudreau* v.

---

[1]See Appendix A.

*Holzer,* 109 R. I. 81, 280 A.2d 88 (1971). On this record we cannot say that the trial justice was clearly wrong in that he overlooked or misconceived material evidence and his findings of fact shall be affirmed.

The plaintiff next argues that he was deprived of a fair trial alleging bias and prejudice on the part of the trial justice. An assertion that a trial justice is prejudicial to a litigant is a serious charge, and the one making it should be prepared to establish its presence. *State* v. *Crescenzo,* 114 R. I. 242, 332 A.2d 421 (1975); *State* v. *Buckley,* 104 R. I. 317, 244 A.2d 254 (1968).

The plaintiff in buttressing his argument points to the following statement by the trial justice:

"I'm satisfied on all the evidence that the Plaintiff is engaged in shylocking, charging usurious rates for money he loans."

He further points to a statement made by the trial justice after the findings and decision had been announced wherein he said to counsel for plaintiff, "I'm satisfied that you're representing a criminal." The plaintiff relying on *State* v. *Nunes,* 99 R. I. 1, 205 A.2d 24 (1964), argues that the quoted statements by the trial justice are sufficient basis to conclude that the trial justice was personally prejudiced against plaintiff. In *Nunes,* the remarks of the trial justice found by this court to evidence bias and prejudice had reference to facts and events which were not pertinent nor before the court in the case. Here, the statements made by the trial justice as to "shylocking" and his reference to plaintiff as a criminal were as a result of the evidence elicited in the case at bar wherein, as stated earlier, the trial justice had specifically found the testimony of plaintiff as not worthy of belief. An adverse decision in which the reasoning is expressed in colorful or caustic language does not constitute prejudice. *State* v. *Crescenzo, supra.* We find no evidence of any prejudicial attitude or biased conduct on the part of the trial

justice toward plaintiff by reason of the statements relied on by plaintiff.

The plaintiff argues that the examination of plaintiff conducted by the trial justice constitutes a showing of personal bias and prejudice by the trial justice toward him, alleging that the questions asked were irrelevant and exhibit a partisan zeal for defendant and an attempt by the trial justice to prove defendant's case. We find no merit in plaintiff's argument since the record clearly indicates that the questions asked by the trial justice were relevant and were for the purpose of clarifying the issues. Further, plaintiff interposed no objection either at the beginning, during or after the examination by the trial justice.

The plaintiff pointing to several evidentiary rulings by the trial justice further argues prejudice by the trial justice. This argument is clearly without merit.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remitted to the Superior Court.

Mr. Chief Justice Roberts was present at oral argument but retired prior to consideration and decision of this case.

## APPENDIX A

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC.                              SUPERIOR COURT

Civil Action
........................
(other actions)          } File No. 71-3589

SAMUEL RAHEB

vs.                          } *Stipulation*

THEODORE LEMENSKI

In the above entitled cause it is agreed that the following entry be made:

The defendant may amend his answer in form and substance as attached.

> J. Joseph Nugent, Jr.
> for Edward Choiniere, Esq.
> (PLAINTIFF'S ATTORNEY)
>
> James L. O'Neill, Esq.
> (DEFENDANT'S ATTTORNEY)

Dated: May 14, 1973.

> Filed in open Court
> Nov. 14, 1973
> Francis F. Short
> *Deputy Clerk*

S-142

STATE OF RHODE ISLAND            SUPERIOR COURT
PROVIDENCE, SC.
SAMUEL RAHEB                     C.A. No. 71-3589
   VS.
THEODORE LEMENSKI

## AMENDED ANSWER
### I

Defendant denies the allegations of paragraphs one and two of plaintiff's complaint and specifically states that he has paid back the monies formerly owed to the plaintiff.

### II

Defendant states that he has paid back the sum due to the plaintiff.

### III

Defendant states that the alleged contracts upon which plaintiff sue are illegal and unenforceable for the following reasons:

1. They are usurious and defendant is entitled to the benefit of G.L. of R.I. 6-26-4.

2. Plaintiff is engaged in the business of making loans of money and has not obtained a license to do so in violation of G.L. of R.I. 19-25.3-1.

> THEODORE LEMENSKI
> By his Attorney,
> s/ James L. O'Neill
> _____
> JAMES L. O'NEILL, Esq.
> BUCCI, O'NEILL AND COIA
> 9 Steeple Street
> Providence, Rhode Island

Copy furnished to Edward Choiniere Esq., 518 Hospital Trust Bldg., Providence, R.I., attorney for the plaintiff.

*Nugent & Nugent, J. Joseph Nugent, Jr.,* for plaintiff.

*Bucci, O'Neill & Coia, James L. O'Neill,* for defendant.