390 A.2d 368 (1978)
STATE
v.
Richard L. NIDEVER.
No. 77-66-Appeal.
Supreme Court of Rhode Island.
August 18, 1978.
*369 Julius C. Michaelson, Atty. Gen., Nancy Marks Rahmes, Sp. Asst. Atty. Gen., for plaintiff.
Matthew J. Faerber, Thomas W. Kelly, Newport, for defendant.

OPINION
BEVILACQUA, Chief Justice.
The defendant Richard L. Nidever was tried before a justice of the Superior Court sitting without a jury and convicted of leaving the scene of an accident involving personal injury.
On January 7, 1976, a rainy evening, at approximately 7:00 p. m., defendant struck and killed a pedestrian while traveling south in a well-lit area of Thames Street in Newport. On impact, the victim was thrown 5 feet into the air. The right center of defendant's front hood was dented and the windshield shattered. The victim then fell into the gutter to the right of defendant's automobile.
The car spun around 180 degrees and stalled. The defendant started the car and proceeded slowly up Thames Street in the wrong direction passing two through streets before turning into Milburn Court, a dead-end roadway. He stopped the vehicle in a cul-de-sac at the end of Milburn Court. Shortly thereafter, the police found defendant there sitting in his car with the motor running. He was charged with violation of G.L.1956 (1968 Reenactment) § 31-26-1(a) which provides:
"The driver of any vehicle knowingly involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of § 31-26-3."[1]
At trial, the state attempted on two occasions to introduce testimony regarding defendant's conduct and appearance at the time of arrest which, at least implicitly, suggested that alcohol was a factor in the case. The trial justice, after determining that defendant did not intend to claim intoxication as a defense to the knowledge element of the crime, ruled that evidence of intoxication was irrelevant and therefore inadmissible in the case at bar.
The trial justice in his decision concluded that the state had proven beyond a reasonable doubt that defendant knowingly left the scene of an accident involving personal injury.
The defendant makes two claims of error. He asserts that the trial justice was so prejudiced by references to drinking during trial that he was unable to render a fair adjudication of the facts underlying the conviction. The defendant also contends that the evidence presented at trial did not support a finding of guilty.

I
The customary manner in which one raises the issue of prejudice is by appropriate *370 motion at trial, a motion for mistrial or for disqualification of the justice presiding. State v. Buckley, 104 R.I. 317, 322, 244 A.2d 254, 257 (1968). In the case at bar no such motion was made.
The defendant points to no rule, order or act by the trial justice during trial that was inherently unfair or hostile to him. In fact, both attempts by the state to introduce evidence of drinking into the case were barred by the court, once in response to defendant's objection and once sua sponte. The defendant relies rather upon statements made by the trial justice at the time of sentencing to demonstrate that, while technically excluded at trial, evidence of drinking was in fact a consideration in the final verdict.
A charge that the trial justice was so prejudiced as to impair the fairness and impartiality of the trial is serious. Therefore, the person alleging prejudice carries a substantial burden. State v. Buckley, 104 R.I. at 322, 244 A.2d at 257. One asserting prejudice must establish that the actions of the trial justice were affected by facts and events which were not pertinent nor before the court. See Raheb v. Lemenski, 115 R.I. 576, 350 A.2d 397 (1976); State v. Crescenzo, 114 R.I. 242, 332 A.2d 421 (1975); State v. Nunes, 99 R.I. 1, 205 A.2d 24 (1964).
The defendant in the case at bar clearly fails to sustain that burden. The record discloses that the presence or absence of alcohol was not a factor implicitly or explicitly relied upon by the trial justice. Rather he relied upon evidence properly before him in determining that "defendant hit a pedestrian, that he then and there knew it, and he didn't turn and go slowly back to see if he could help somebody who was lying in a gutter in plain view in a well-lighted area."
It is clear that evidence regarding the circumstances affecting a defendant's behavior is properly considered at sentencing. See Super.R.Crim.P. 32(c)(2); Taylor v. Howard, 111 R.I. 527, 304 A.2d 891 (1973). Therefore, we may not consider remarks made by the trial justice at that time, standing alone, to support a claim of prejudice at trial.

II
The defendant also asserts that the evidence presented at trial did not support a finding of guilt beyond a reasonable doubt. The law is clear that the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed on appeal unless it can be shown that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence. Raheb v. Lemenski, 115 R.I. at 579, 350 A.2d at 399. The defendant in this case makes no such claim. In essence, he is arguing that his testimony should have been accepted as more credible than that of the state's witnesses. It is well settled that weighing the evidence and determining the credibility of witnesses are functions of the trial court, and not properly a subject for appellate review. Id. at 579, 350 A.2d at 399.
The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.
NOTES
[1] General Laws 1956 (1968 Reenactment) § 31 26-3 imposes upon the driver of any vehicle involved in an accident resulting in personal injury or property damage a duty to give information and to render aid at the scene.