TIM HENNIGAN CO., INC.

v.

ANTHONY A. NUNES, INC.

No. 79–315–Appeal.

Supreme Court of Rhode Island.

Dec. 9, 1981.

Goldman & Biafore, Dennis H. Esposito, Providence, for plaintiff.

Quinn, Cuzzone, Geremia & Pennacchia, Robert J. Rodger, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action brought by Tim Hennigan Co., Inc., a Massachusetts corporation (hereinafter, plaintiff), for goods sold and delivered to Anthony A. Nunes, Inc., a Rhode Island corporation (hereinafter, defendant). The case was heard by a justice of the Superior Court sitting without a

jury. The court entered judgment for the plaintiff in the sum of $1441.50, plus interest.

The record discloses that Timothy Hennigan, an officer of the plaintiff corporation, testified that plaintiff was incorporated and had its principal place of business in Massachusetts. Hennigan initially indicated that the company also had a Providence office, but he went on to explain that the office to which he had referred was that of a separate entity, W. D. Mann Co., which had provided materials, chemicals, and equipment for the installation of the goods that plaintiff sold to defendant. Hennigan stated that defendant initiated the transactions that gave rise to this suit by mailing two purchase orders to plaintiff's home office. Upon receipt thereof, plaintiff shipped the goods directly to Fall River, Massachusetts, where they were to be installed, and, according to its usual practice, sent invoices to defendant. Two of the invoices expressly stated that plaintiff would assess an 18 percent carrying charge on overdue accounts. According to Hennigan, defendant never objected to these provisions, but accepted delivery and allowed plaintiff to install the goods.

The defendant presents two issues on appeal: (1) whether the trial justice erred in holding that because plaintiff is a Massachusetts corporation engaged only in interstate commerce, it need not register to do business in the State of Rhode Island to enforce the contract in our courts,[1] and (2) whether the trial justice erred in holding that the provisions on the invoices stating that interest would be charged on all overdue accounts are enforceable.

I

The plaintiff contends that because the transaction took place in Massachusetts, it need not register to do business in Rhode Island to enforce the agreement. The defendant argues that even if the mere execution and performance of the agreement does not constitute transacting business in Rhode Island, plaintiff's involvement with another Rhode Island corporation in furtherance of the agreement required plaintiff to register.

This court previously has stated that if a foreign corporation is not doing business in Rhode Island, it need not register to maintain an action in our courts on a contract with a Rhode Island resident made and performed outside the state. *Good Will Home Association v. Drayton*, 108 R.I. 277, 274 A.2d 750 (1971). The defendant argues, however, that under *Star Crest Baking Co. v. Cangemi*, 94 R.I. 79, 178 A.2d 299 (1962), a foreign corporation engaged in interstate commerce, if also engaged in intrastate business, must comply with § 7–1.1–117 before it can maintain a civil action to enforce a contract made outside Rhode Island.

We do not dispute that under *Star Crest* a foreign corporation must register to engage in intrastate business. The defendant's assertion that the holding in *Star Crest* applies to the facts presented in the case at bar, however, is mistaken. The trial justice in the instant case found that plaintiff was engaged only in interstate commerce and, therefore, was not barred from recovery on a contract executed and performed in Massachusetts. It is well established that the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed on appeal unless the record shows that the findings are clearly wrong or that the trial justice overlooked or misconceived material evidence. *Greenwood v. Rahill*, R.I., 412 A.2d 228 (1980); *Kargman v. Jacobs*, R.I., 411 A.2d 1326 (1980); *Gaglione v. Cardi*, R.I., 388 A.2d 361 (1978); *J. Koury Steel Erectors, Inc. v. San-Vel Concrete Corp.*, R.I.,

---

1. General Laws 1956 (1969 Reenactment) § 7–1.1–117 provides in part:

"No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state, until such corporation shall have obtained a certificate of authority."

387 A.2d 694 (1978); *Rego Displays, Inc. v. Fournier*, R.I., 379 A.2d 1098 (1977); *Raheb v. Lemenski*, 115 R.I. 576, 350 A.2d 397 (1976). If, on review, the record indicates that competent evidence supports the trial justice's findings, we shall not substitute our view of the evidence for his even though a contrary conclusion could have been reached. *Tefft v. Tefft*, 105 R.I. 496, 253 A.2d 601 (1969).

■ A review of the record supports the findings of the trial justice. Hennigan's uncontradicted testimony indicated that plaintiff accepted defendant's offer in Massachusetts. The rule is well settled that a contract is deemed made at the place where acceptance of the offer took place. *Good Will Home Association v. Drayton, supra.* His testimony also shows that plaintiff performed all its obligations under the contract in Massachusetts. The defendant's argument that plaintiff must register because it had an office in Rhode Island is without support. Hennigan did testify that plaintiff had a Providence office but immediately corrected himself and explained that the office belonged to a separate entity. Even though Hennigan's statements may seem contradictory, the trial justice, not the appellate court, evaluates a witness's credibility and resolves testimonial conflicts. *Scotto v. Zifcak*, R.I., 425 A.2d 512 (1981); *Aiello Construction, Inc. v. Nationwide Tractor Trailer Training and Placement Corp.*, R.I., 413 A.2d 85 (1980); *J. Koury Steel Erectors, Inc. v. San-Vel Concrete Corp., supra.* Nothing in the record suggests that the Providence corporation promoted or solicited defendant's order on behalf of plaintiff or that it transacted its business with plaintiff in this state. The trial justice's conclusion that plaintiff was engaged only in interstate commerce therefore does not appear to be clearly wrong or unsupported by the evidence.

## II

■ We now consider defendant's assertion that because plaintiff accepted its offer by shipping the goods instead of by sending the invoices, the trial justice erred in holding that the interest provisions on Hennigan's invoices became part of their contract. We find this contention also to be without merit. In *F. D. McKendall Lumber Co. v. Kalian*, R.I., 425 A.2d 515 (1981), we held that interest terms on delivery receipts become part of a contract under the conditions set forth in G.L. 1956 (1969 Reenactment) § 6A–2–207 of the Uniform Commercial Code [2] even if a seller accepts by shipping conforming goods.

Although the trial justice made no specific finding that the requirements of § 6A–2–207 were met, the record indicates without contradiction that defendant was a merchant [3] and that it neither expressly limited acceptance of its offer to the terms thereof nor gave notification of objections to the additional terms plainly stated on plaintiff's invoices. The trial justice properly concluded that plaintiff was therefore entitled to interest "on the basis of the cited section of the Uniform Commercial Code."

The defendant points out that the trial justice's award included $136.50 for goods

---

2. Section 6A–2–207 provides in part:
   "Additional terms in acceptance or confirmation.—(1) A definite and seasonable expression of acceptance of a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon * * *.
   (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
   (a) the offer expressly limits acceptance to the terms of the offer; [or]

* * * * * *

   (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received."

3. Section 6A–2–104 provides in part:
   "(1) 'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction * * *."

shown on a third invoice introduced for identification only. The purchase orders do not indicate that the defendant's offer to buy included these goods. Moreover, the plaintiff failed to introduce any evidence to establish that these goods were ordered or delivered. Thus, the trial justice's award of $136.50 for these goods was improper. The judgment should be reduced by that amount.

The defendant's appeal is denied in part and sustained in part, the judgment appealed from is vacated, and the case is remanded to the Superior Court for entry of judgment consistent with this opinion.

SHEA, J., did not participate.