John DOE

v.

**RHODE ISLAND ETHICS COMMISSION et al.**

No. 89–184–Appeal.

Supreme Court of Rhode Island.

June 8, 1990.

Jeremiah R. Leary, Leary & Holland, Tiverton, for plaintiff.

Christopher S. Gontarz, Updegrove & Gontarz, Middleton, for defendant.

OPINION

MURRAY, Justice.

This case is before the court on the appeal of the defendant, the Rhode Island Ethics Commission (commission), from a Superior Court decision that granted an injunction enjoining the commission from proceeding with a hearing involving the plaintiff's unethical conduct. The sole issue before us is whether tape-recorded witness statements made in anticipation of a hearing by a commission investigator, working with the commission attorney, are discoverable by the plaintiff. A precis of the pertinent facts will assist in a discussion of the issue.

On June 4, 1987, a complaint was filed against plaintiff, referred to as John Doe, with the commission. The plaintiff was advised of the complaint against him and of his right to file a response. The plaintiff did not file a response. The complaint was then assigned to the executive director's designee, an attorney, who reviewed it with the commission's investigator. As part of the investigation, public documents were obtained and parties were interviewed. Nine of the interviews were tape-recorded, including an interview with plaintiff.

The tapes and other information were turned over to the commission's attorney. The attorney then prepared a report for the commission. The Investigating Committee (committee) determined that there was probable cause to support the complaint.

A hearing date was set, and plaintiff was advised that he had a right to appear to present evidence in regard to the allegations. At the December 29, 1988 hearing plaintiff requested that the tape recordings be turned over to him. The commission advised plaintiff that discovery was not available at that time.

On January 27, 1989, the committee amended the complaint and advised plaintiff that he had a right to appear on March 2, 1989. At this hearing plaintiff again requested the tape recordings and was denied. The plaintiff was, however, given the right to renew the request at the adjudicative stage of the proceedings. Also at that hearing the committee found probable cause to support the amended complaint. The plaintiff was advised that the matter would be heard before the commission's adjudicative panel on April 13, 1989.

On March 30, 1989, plaintiff filed a complaint in Superior Court against the commission. The trial justice issued a temporary restraining order against the continuation of a commission hearing unless discovery rules were complied with. The commission's attorney complied with all discovery requests except those requesting the tapes. At the April 13, 1989 hearing before the commission's adjudicative panel, plaintiff's renewed request was again denied, and the hearing was adjourned. On April 18, 1989, the trial justice issued a permanent injunction against the continuation of the hearing until the release of the tapes. The commission filed an appeal on May 3, 1989.

The General Assembly by P.L.1987, ch. 195, § 3 enacted chapter 14 of title 36 of the Rhode Island General Laws [1] to further the policy of the State of Rhode Island that "public officials and employees must adhere to the highest standards of ethical conduct, respect the public trust and the rights of all persons, be open, accountable and responsive, avoid the appearance of impropriety, and not use their position for private gain or advantage." G.L.1956

(1984 Reenactment) § 36–14–1, as enacted by P.L.1987, ch. 195, § 3. Chapter 14 of title 36 established a commission and granted to it powers of administration and education and powers to advise, to investigate, to adjudicate, and to remove. Sections 36–14–8 to 36–14–14.

It is within the administrative power of the commission to "prescribe and publish, after notice and public hearings, rules and regulations to carry out the provisions of this chapter." Section 36–14–9(a)(3). This rule-making power is "subject to, and shall be exercised in conformity with, §§ 42–35–2—42–35–7, entitled 'Administrative Procedures.'" Section 36–14–9(b). General Laws 1956 (1988 Reenactment) §§ 42–35–2 to 42–35–7 set forth the procedures required by the commission in enacting regulations. The statute requires that the commission must give at least twenty days' notice of the intended rule-making action, including "a statement of either the terms or substance of the intended action or a description of the subjects and issues involved, and of the time when, the place where, and the manner in which interested persons may present their views thereon." Section 42–35–3(a)(1). Notice is published in newspapers for general circulation throughout the State of Rhode Island. Also the commission not only must afford interested persons an opportunity to submit data, views, or arguments but also, if requested, must afford interested persons an opportunity for an oral hearing. Section 42–35–3(a)(2). Prior to the adoption of any rules, the commission must consider fully all submissions by any interested person. *Id.* Once the commission adopts a rule, it must file a certified copy of the rule in the office of the Secretary of State. At this office the rule is open to public inspection. Twenty days after the filing of the rule, it becomes effective and the law of the State of Rhode Island. Section 42–35–4(b).

The General Assembly granted to the commission the authority to promulgate

---

**1.** Public Laws 1987, ch. 195, § 1 repealed the former chapter 14 of title 36, Conflict of Interest Commission.

rules in order to carry out its delegated legislative powers. The commission, in accordance with the above-described statutory requirements, has adopted many regulations that govern proceedings before it. The commission's procedural requirements of discovery were adopted by the commission in Regulation 36–14–13009, which provides:

"In addition to notifying respondent of the hearing in accordance with these regulations, the respondent shall also be notified of the right to: (1) file a written response to the finding of probable cause within ten (10) days; and (2) *review and copy all evidence relative to the case contained in the commission file* upon payment of copying costs set by the commission. No further prehearing discovery mechanisms shall be permitted." (Emphasis added.)

Through this regulation we find that the commission granted to plaintiff the broadest discovery rights over his file. The regulation specifically states that a plaintiff may "review and copy *all* evidence relative to the case contained in the commission file." We find that the language of this regulation is broad and encompasses all evidence relative to the instant case contained in the commission file, including the tape recordings of witnesses' statements.

We are not persuaded that there is a distinction between a tape-recorded statement of a witness and a written statement of that witness. Both forms of this evidence are discoverable under the broad language of Regulation 36–14–13009.

This regulation is the commission's own procedural rule that it adopted. If the commission adopts procedural rules that grant respondents broad discovery rights, it must allow respondents to exercise these rights, which this plaintiff has sought to do.

Since we deem the plaintiff entitled to this discovery, the trial justice was correct in issuing a permanent injunction against the continuation of the hearing by the commission until the release of the tapes.

The judgment of the Superior Court is hereby affirmed. The defendant's appeal is denied and dismissed. The defendant is directed to release the tapes to the plaintiff in accordance with this opinion.