[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is defendant's motion to dismiss and plaintiff's objection thereto. Said motion was heard by this court on July 16, 1991. For the reasons set-forth below plaintiff's motion is denied.
TRAVEL AND FACTS
The within action is an appeal from the District Court. Plaintiff originally filed the within action in the Sixth Division District Court on December 7, 1990. Pursuant to defendant's motion the action was dismissed May 15, 1991. Plaintiff filed a Claim of Appeal on May 15, 1991. Defendant has renewed his objection.
Defendant argues that since plaintiff, Varney Brothers Sand and Gravel, Inc., is not a Rhode Island corporation nor is it listed as qualified to do business in Rhode Island this action should be dismissed. Plaintiff alleges that since this action arises out of an automobile accident that occurred in Rhode Island, the fact that it is not a Rhode Island corporation nor qualified to do business in Rhode Island should not bar this action.
DISCUSSION
Pursuant to General Laws of Rhode Island 1956 (1985 Reenactment) § 7-1.1-117(a) foreign corporations transacting business in Rhode Island without a certificate of authority are not "permitted to maintain any action, suit or proceeding in any court of this state, until such corporation" obtains a certificate of authority. Section 7-1.1-117(a) goes on to state "[n]or shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim or demand arising out of thetransaction of business by such corporation in this state . . ." (emphasis added). After a through review of § 7-1.1-117(a) and Rhode Island case law interpreting the statute it is clear that the legislature intended this statute to apply only to actions that arise out of the transaction of business in Rhode Island.See, e.g., Tim Hennigan Co. v. Anthony A. Nunes, Inc.,437 A.2d 1355 (R.I. 1983) (A foreign corporation need not register to do business in Rhode Island in order to maintain an action in the state courts on a contract with a Rhode Island resident made and performed outside the state.) Since the within case arises out of an automobile collision, not a business transaction, § 7-1.1-117 does not apply. Therefore, plaintiff may maintain the within tort action against defendant. Defendant's motion to Dismiss is denied.
Counsel shall prepare the appropriate order.