DECISION
This case comes before this Court on appeal from a decision by the Conflict of Interest Commission ("Commission") fining Stephen DeCastro ("plaintiff") $250.00 for not timely filing his financial interest statement in accordance with G.L. 1956 §36-14-15. The facts are as follows.
Facts/Travel
Plaintiff as an elected member of the East Providence School Committee was required to file a financial interest statement, for the calendar year 1982, with the Conflict of Interest Commission. On March 25, 1983, the Commission staff mailed financial interest statements to all persons listed on a computerized mailing list, which statements were due back to the Commission by Friday, April 29, 1983. All the mailed statements had labels with the public official's name and address affixed to them.
Prior to April 29, 1983, plaintiff's statement was never received by the Commission. A letter of notice was sent by the Commission to plaintiff on September 1, 1983 informing him that his statement was never filed. Another letter was sent certified mail on October 27, 1983 informing him that a complaint would be filed against him unless his statement was filed by November 11, 1983. The certified letter was not received by plaintiff until November 17, 1983 at which point plaintiff called the Commission to question the matter.
As a result of not filing a timely financial interest statement, the Commission filed a complaint against plaintiff on November 17, 1983. Plaintiff on December 6, 1983 filed his answer and submitted a photocopy of his statement notarized by his father on April 15, 1983. After investigation by the Commission, a finding of probable cause was issued on December 20, 1983 and a hearing set for January 19, 1984. The Commission rendered its Decision and Order on June 14, 1984 finding plaintiff knowingly and willfully violated the conflict of interest law and Regulations for failing to file a financial interest statement and fined him $250.00. Plaintiff timely filed this appeal on June 25, 1984. In the Spring of 1987 the Conflict of Interest Commission was superseded by the Rhode Island Ethics Commission and substituted as a party.
Standard of Review
The review of a decision of the Commission by this Court is controlled by G.L. § 42-35-15(g) which provides for review of a contested agency decision.
 42-35-15. Judicial Review of Contested Cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of administrative findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions; (2) In excess of the statutory granted to the zoning board of review by statute or ordinance; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,
509 A.2d 543, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. Rhodeisland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (Quoting Caswellv. George Sherman Sand Gravel Co., 120 R.I. 1981,424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency.Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). On review of the Superior Court's judgment, the Supreme Court determines whether legally competent evidence exists to support the decision of the Superior Court. RhodeIsland Public Telecommunications Authority, et al v. Rhode IslandLabor Relations Board, et al, December 2, 1994, No. 93-268-M.P. at 20. The Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody, 509 A.2d at 458.
On appeal plaintiff contends the following: the Hearing was not conducted within the time limits specified in G.L. 1956 §36-14-10; the Fifth Amendment privilege was violated by calling plaintiff as a witness; the discovery rules were violated by allowing three questionable documents into evidence; plaintiff was denied his constitutional right to confrontation and cross-examination; there was impropriety on behalf of the Commission Director in providing legal advice to the Commission during the Hearing and deliberations; and plaintiff received improper notification that his financial interest statement was not timely filed.
Hearing Conducted within Time Limits
Plaintiff failed to raise this issue of unlawful procedure at the administrative level. However, the Rhode Island Supreme Court has held that the failure to raise a constitutional issue at the administrative level does not preclude its litigation in Superior Court. Randall v. Norberg, 121 R.I. 714, 721, 403 A.2d 240, 244 (1979). Since the Superior Court can address a constitutional issue not raised at the administrative level and the issue is specifically listed in § 42-35-15 as one for judicial review, then it would follow that an unlawful procedure issue not raised at the administrative level can be raised at the Superior Court level as it is also specifically listed in § 42-35-15.
Pursuant to G.L. 1956 § 36-14-10 the Commission "shall fix a time for hearing on the matter which hearing shall be held not more than thirty (30) days after the issuance of the finding." Statutory terms are given their plain and ordinary meaning unless there is a contrary intent shown on the face of the statute.Little v. Conflict of Interest Com'n, 121 R.I. 232, 237,397 A.2d 884, 887 (1979). Moreover, if the language is plain and unambiguous then there is no need for construction and the plain and ordinary meaning attaches. Id. In the instant case the operative words to interpret are "finding" and "issuance." Both words are plain on their face and are defined simply as follows: "finding" is a conclusion reached after examination or investigation and "issuance" means to be circulated or published. AMERICAN HERITAGE DICTIONARY, 492, 495 (6th ed. 1970). The finding was given on December 15, 1983 and it was issued on December 20, 1983. The Hearing was conducted on January 19, 1984, less than thirty days after the issuance of the finding. Therefore, the Hearing was conducted within the statutory time limits, and it follows that the decision was not made in excess of statutory authority.
Fifth Amendment Privilege
Here, plaintiff alleges the Fifth Amendment privilege was violated by calling him as a witness. The Fifth Amendment privilege may be invoked in a civil matter regardless of whether a criminal proceeding is pending. Tona, Inc. v. Evans,590 A.2d 873, 875 (R.I. 1991); Pulawski v. Pulawski, 463 A.2d 151, 155 (R.I. 1983). The privilege applies only when the accused is compelled to testify to something that is incriminating. Evans,
509 A.2d 873, 875. The court must have sufficient facts and be perfectly clear after a careful consideration of all the circumstances in the case to determine whether to invoke or not to invoke the privilege. Id. at 876; Roberts v. CommunicationsInv. Club, etc., 431 A.2d 1206, 1208 (R.I. 1981) (quotingHoffman v. United States, 341 U.S. 479, 488, 71 S.Ct. 814, 819, 95 L.Ed 1118, 1125 (1951)).
In this matter, the Commission called plaintiff as a witness, which plaintiff's attorney objected to on Fifth Amendment grounds. The Chairman overruled the objection and allowed plaintiff to be called as a witness. The Chairman stated that the Fifth Amendment privilege does not apply in civil cases, yet allowed plaintiff's attorney to instruct plaintiff not to answer based upon the privilege. Throughout the questioning of plaintiff, he refused to answer only one question based on the privilege.
Although the Chairman was incorrect that the Fifth Amendment privilege did not apply, he was correct in allowing plaintiff to testify and object to specific questions based on the Privilege. (Tr. at 26). Incompetent evidence may be admitted as long as it is not prejudicial. Also it is considered harmless if it reasonably appears that the incompetent evidence did not influence the judgment of the trial justice as to cause him to render his decision based in whole or substantial part on that evidence. Corrado v. Providence Redevelopment Agency,110 R.I. 549, 556, 294 A.2d 387, 391 (1972). The Chairman did effectively allow plaintiff to invoke the Privilege when he felt it necessary, and plaintiff invoked the Privilege only once in which an answer was not solicited. Therefore, plaintiff's testimony is not incompetent evidence and should be allowed.
Unlawful Procedure
Plaintiff argues that the discovery rules were violated by allowing three questionable documents into evidence. Any matter which is not privileged and is relevant to the subject matter of the action is discoverable. R.C.P. 26(b) (1). However, there are exceptions to the scope of discovery in which a party is precluded from discovering any writing that is protected by the attorney-client privilege unless an injustice or undue hardship exists and in which a party is absolutely precluded from discovering any writings that reflect an attorney's work product. R.C.P. 26(b) (2); Fireman's Fund Ins. Co. v. McAlpine,120 R.I. 744, 751, 391 A.2d 84, 87 (1978). "The rationale for such disclosure is that controversies should be decided on their merits rather than upon tactical strategies." Cabral v. Arruda,556 A.2d 47, 48 (R.I. 1989) (citing 8 Wright Miller, FederalPractice and Procedure: Civil § 2001 at 15 (1970)). Furthermore, discovery matters are left to the trial justice's discretion on whether or not to permit discovery. Greenwald v. Selya Iannuccillo, 491 A.2d 988, 989 (R.I. 1985) (citing Caste v.Sherburne Corp., 141 Vt. 157, 163, 446 A.2d 350, 353 (1982)).
In this case plaintiff objected to three documents being admitted into evidence: A letter of notice sent by the Commission to plaintiff dated September 1, 1983, the Commission's mailing list for 1983; and a certified letter of notice sent by the Commission to plaintiff, dated October 27, 1983. Plaintiff's attorney had been given thirty days to look over the Commission's file, but did not do so until the morning of the hearing. Of the three documents, plaintiff should have had in his possession the two letters. The mailing list is discoverable, but plaintiff did not follow proper procedure by requesting in writing that particular document. R.C.P. 34. No prejudicial error resulted by allowing the documents into evidence, and furthermore plaintiff never alleged any such error. Plaintiff's reliance on Doe v.Rhode Island Ethics Commission, 575 A.2d 993 (R.I. 1990) is misplaced as the facts are not analogous, and the cited regulation was not in effect at the time of this matter. Therefore, the Chairman's decision to allow all three documents into evidence should not be overturned since there was no abuse of discretion by the Chairman.
Right to Confront Cross-Examine Witness
In this matter, plaintiff argues that he was denied his constitutional right to confrontation and cross-examination. No constitutional right to cross-examination or confrontation exists in noncriminal proceedings. In Re James A., 505 A.2d 1386, 1390 (R.I. 1986). The Rhode Island Supreme Court has held that the Conflict of Interest Commission statute can impose prison time for a violation. Little, 121 R.I. at 239, 240, 397 A.2d at 888. However, the mere threat of imprisonment is entirely different from actual imprisonment and as a litigant's interest in personal liberty diminishes so does his due process rights. SeeLassiter v. Department of Social Services, 452 U.S. 18, 26, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640, 649 (1981). Accordingly, "The trial justice must determine in his discretion what process is due in the particular circumstances, taking into consideration the particular needs of the interested parties." In Re James,
505 A.2d at 1391.
Here plaintiff alleges his constitutional right to confront and cross-examine his accuser, Mr. Swartz, was denied. The plaintiff's argument is without merit. First of all, plaintiff failed to subpoena Mr. Swartz to testify, and the record indicates that there were no subpoenas issued. (Tr. at 38) Furthermore, Ms. Angiolelo's testimony is sufficient to satisfy plaintiff's right to confrontation since Ms. Angiolelo, as office manager, had personal knowledge of the financial interest statement process. Undeniably plaintiff had several opportunities to confront and cross-examine Mr. Swartz but failed to take advantage of those opportunities. Accordingly, this Court finds that the Chairman did not abuse his discretion as the record reveals that the plaintiff was granted ample opportunity to subpoena Mr. Swartz.
Impropriety by Commission's Director
Next plaintiff argues that there was impropriety on behalf of the Commission Director in providing legal advice to the Commission during the Hearing and deliberations. The Fourteenth Amendment guarantees that a person cannot be tried before an administrative tribunal that is biased and unable to render a fair and impartial decision. La Petite Auberge, Inc. v. R.I.,Commission for Human Rights, 419 A.2d 274, 284 (R.I. 1980) (citing Withrow v. Larkin, 421 U.S. 35, 51, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712, 724 (1975)); Davis v. Wood, 444 A.2d 190, 192 (R.I. 1982). However, anyone raising such an issue must present "evidence that overcomes the presumption of honesty and integrity in those serving as adjudicators." Wood at 192. It follows that the presumption favors the adjudicators, and thus the party making the challenge of impropriety must overcome that presumption. Gorman v. University of Rhode Island, 837 F.2d 7, 15 (1st Cir. 1988). In an effort to overcome the presumption, the challenging party must establish that the actions of the trial justice or adjudicator were "affected by facts and events which were not pertinent nor before the court." State v. Nidever,120 R.I. 767, 769-70, 390 A.2d 368, 370 (1978).
The plaintiff in this case failed to establish any evidence that Rae Condon, Commission Director and attorney, influenced the Chairman's decision. Plaintiff claims that Ms. Condon provided legal advice to the Commission during the hearing and deliberations. Plaintiff failed to present any evidence of such outside influence that may have been prejudicial to him. Therefore, plaintiff failed to overcome the presumption of honesty and integrity, and thus this Court finds no impropriety that the hearing was conducted without bias.
Notification
Plaintiff's additional argument that he received improper notification that his financial interest statement was not filed and that a complaint would be issued against him is not supported by the evidence of record. It is alleged by plaintiff that sending notification by certified mail increases the likelihood of delay or nondelivery. However, the Commission never was under an obligation to notify plaintiff that his statement was not filed and that as a result a complaint would be brought against him. Since the Commission possessed no obligation by either statute or regulation to notify plaintiff, the argument of improper notification is wholly without merit.
Conclusion
After review of the record, this Court finds that the decision by the Chairman was not arbitrary, capricious or clearly erroneous in view of the reliable, probative and substantial evidence of record. Furthermore, having examined the detailed written decision issued by the Chairman, this Court finds that the decision did not lack adequate findings and analysis and that the decision was supported by competent evidence of record and that the substantial rights of the plaintiff have not been prejudiced.
Accordingly, plaintiff's appeal is denied and dismissed and the Chairman's decision is affirmed. Pursuant to G.L. 1956 §36-14-1 et. seq. there is no authority to award cost and attorney fees, so they are denied to the Commission.
Counsel shall prepare the appropriate judgment for entry.
DECISION
TO: Judge Sheehan
FROM: Kathleen Auger, Law Clerk
RE: Stephen a DeCastro v. Rhode Island Ethics Commission, C.A. No. 84-2423
DATE: March 29, 1995