**Richard A. MORELLI**

v.

**NEWPORT ONSHORE.**

No. 93–682–A.

Supreme Court of Rhode Island.

April 13, 1995.

Donald Page, Providence.

Lauren Jones, Providence, Mark Thayer, Newport.

## ORDER

This matter came before the Supreme Court for oral argument on April 3, 1995, pursuant to an order that directed both parties to show cause why their appeals should not be summarily decided. The defendant, Newport Onshore, appealed a judgment of the Superior Court that ordered Newport Onshore to pay to the plaintiff, Richard A. Morelli, $15,500, plus accrued interest, in a breach of contract and deceptive trade practices suit. The plaintiff had agreed to purchase a quartershare interest in a condominium unit from Newport Onshore in Newport, Rhode Island. In addition, plaintiff filed a cross-appeal challenging the judgment of the Superior Court that ordered him to pay the defendant $3,360, plus accrued interest, that represented the estimated value of the lodging accommodations at defendant's facilities where plaintiff resided during his stays in Newport.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeals will be decided at this time.

It is well-settled that this court affords great weight to a trial justice's findings, which will not be disturbed "unless it can be shown that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence." *Tarro v. Tarro,* 485 A.2d 558, 565–65 (R.I.1984). Our review of the record in this case supports the decision of the trial justice that defendant repudiated and breached the contract.

The plaintiff and defendant entered into a purchase and sales agreement in which plaintiff contracted to purchase from defendant a quartershare interest in a condominium. The plaintiff paid $15,500 as a deposit, and was to pay the balance approximately two months later on the date of closing set forth in the contract as February 1, 1988. The sales agreement contained a clause allowing

defendant to unilaterally extend the closing date sixty days.

After defendant successively informed plaintiff that the closing date had been delayed to April 1, 1988, then to June 1, 1988, then to July 1988, then to September 1988, and then to October 1988, plaintiff wrote on November 21, 1988, to inform Newport Onshore that he was no longer interested in purchasing the condominium and called for the return of his deposit.

The defendant responded by setting yet another closing date almost a year after the initial one. The plaintiff received by mail closing documents and a new purchase and sale agreement that reduced the purchase price by $20,000, but increased the monthly payments by $200. The plaintiff did not accept the new terms and did not attend the closing scheduled by defendant for January 10, 1989, and then for February 20, 1989. On the basis of this evidence, the trial justice awarded to plaintiff the refund of his deposit after she found that defendant had breached the contract and that plaintiff had reasonably repudiated it. The findings of a trial justice will not be disturbed by this court absent a demonstration that the justice was clearly wrong or overlooked or misconceived material evidence. *Raheb v. Lemenski*, 115 R.I. 576, 350 A.2d 397 (1976). We are of the opinion that the evidence clearly supports the findings of the trial justice.

Our review of the record also leads us to support the trial justice's determination that defendant was entitled to $3,360, plus interest, for the value plaintiff received while residing at defendant's other properties during plaintiff's visits to Newport on dates scheduled for the closing that never occurred. A buyer may be held to pay the value for the use of property when the buyer fully recovers through repudiation. *DiBiasio v. DiFazio*, 103 R.I. 565, 239 A.2d 719 (1968).

Consequently, we deny and dismiss these appeals and affirm the judgments of the Superior Court. The papers in the case may be returned to the Superior Court.