DECISION ON PETITIONER'S MOTION TO AMEND
Before the Court is the motion of F. Stephen Serzan (petitioner) to amend the findings and judgment in this condemnation action pursuant to Rules 52(b) and 59 of the Rules of Civil Procedure.
Following a nonjury trial, this Court rendered a decision September 9, 1994, on the petition for assessment of damages as a result of respondent's taking of petitioner's parcel of land. After a hearing before the Court on December 1, 1994, and after respondent's appeal had been docketed, the Supreme Court ordered a stay of the appeal until this Court entered a decision on petitioner's motion to amend. It should be noted that the September 9, 1994, decision was amended September 20, 1994; however, the amendments made September 20, 1994, are not challenged by petitioner's current motion to amend.
Petitioner raises two issues in his motion to amend. First, petitioner asserts that the reduction of the fair market value of the land by $70,000 for the right-of-way over the property is not supported by competent evidence. Second, petitioner asserts that the Court's finding that the lot measured 17,378 square feet was erroneous because it was based on inconsistent and contradictory testimony of respondent's expert, L. Robert Smith (Smith).
Motions to modify judgment are directed to the Court's discretion and a ruling will be disturbed only upon a showing of clear error of law or a manifest abuse of discretion. Redmond v.Manufacturers Hanover Trust Co., 484 A.2d 906, 910 (R.I. 1984).
This Court will exercise its discretion and deny petitioner's motion for the following reasons. First, as indicated in the decision of September 9, 1994, Roy Schaeffer, petitioner's real estate expert, and Thomas Andolfo, respondent's real estate appraiser, testified that the highest and best use of the property was as a restaurant and rental unit. (Op. at 5). And while Schaeffer testified that he made no adjustment to his appraisal for the right-of-way because it would not reduce the value for commercial property, he did testify that the right-of-way would reduce the value of residential property. There was also testimony by Andolfo that the state had calculated the value of the approximately 1,860 square foot right-of-way, which ran in a ten-foot strip along the northern boundary of the property, at $37.63 per square foot. Consequently, competent evidence supports the Court's finding and thus, petitioner's motion to amend the judgment to delete any reduction for the right-of-way is denied.
Second, petitioner's argument that the testimony of Smith should be rejected because it was inconsistent fails to take into account the province of the Court sitting as the trier of fact to evaluate a witness' credibility and resolve testimonial conflicts. Tim Hennigan Co. v. Anthony A. Nunes, Inc.,437 A.2d 1355, 1357 (R.I. 1981). Because competent evidence exists to support the Court's finding that the lot measured 17,373 square feet, petitioner's motion to amend the findings with respect to the size of the lot is also denied.
Accordingly, counsel shall prepare the appropriate order for entry.