RICCI DRAIN–LAYING CO., INC.

v.

**Aron BASKIN.**

No. 98–328–A.

Supreme Court of Rhode Island.

Dec. 22, 1999.

David J. McOster, Kristen Prull Moonan.

James L. O'Neill, Providence.

### ORDER

This case concerns the enforceability of a preprinted provision on a home contractor's invoice form calling for the payment of interest and attorney's fees on any unpaid balance due. The plaintiff, Ricci Drain–Laying Co., Inc., used the invoice form to type in the terms of the parties' agreement whereby the plaintiff agreed to

install a French drain and perform other excavation work at the defendant's home. The plaintiff has appealed from a Superior Court judgment in its favor in the amount of $1,168, plus interest at the statutory rate and costs. The plaintiff claims that the trial justice erred in failing to award interest and attorneys fees in accordance with the preprinted provisions on the invoice form. Following a conference before a single justice of this court, the parties were ordered to show cause why the issues raised in this appeal should not be summarily decided. None having been shown, we proceed to resolve this appeal without further briefing or argument.

The plaintiff was in the business of constructing various types of drains. The defendant homeowner, Aron Baskin, contacted Armando Ricci (Ricci), the owner and president of plaintiff corporation, to perform work on Baskin's property where he was building a new home. Ricci and Baskin signed a written agreement, dated October 5, 1985, in which they agreed that plaintiff would perform certain work at Baskin's home in exchange for a specific amount to be paid for that work. The plaintiff claimed that Baskin requested it to perform additional work before it had completed the job. The plaintiff allegedly finished all of the work in May, 1987, and Ricci sent a bill to Baskin for the amount he claimed Baskin owed. According to Ricci, Baskin never called him to complain about the work or about the bill, nor did he indicate that he had to hire someone else to finish his work. Ricci stated that Baskin told him he could not pay for the work performed by plaintiff because he did not have sufficient funds to do so.

Baskin's position was that plaintiff did not complete the work agreed upon in the parties' contract and that, after waiting several months, he had to hire someone else to finish the job. Baskin claimed that he told Ricci about these problems, but that Ricci insisted that Baskin pay him in full in accordance with the contract. Baskin testified that he paid Ricci $500 in cash on one occasion and gave him two checks for $1,000 each on two other occasions. In addition Baskin stated that he performed some auto repair work for plaintiff, for which plaintiff owed him $1,123.

The trial justice found both Ricci and Baskin to be generally credible witnesses. He determined, however, that Baskin's proof of payments made to other parties for work on his house fell short of proving that this was the same work that should have been performed by plaintiff. The trial justice also found that plaintiff failed to prove that it had performed extra work for defendant, in addition to what was contained in the original contract. The trial justice further found that plaintiff failed to sustain its burden of proving that it had delivered stones for a French drain to Baskin, as set forth in the parties' original contract. The trial justice concluded that plaintiff was entitled to payment of $4,310 from defendant. Subtracting payments of $2,271 made by defendant, plus $471 for amounts owed on defendant's counterclaim, the trial justice concluded that plaintiff was owed a balance of $1,168.

The plaintiff also sought interest and attorney's fees on its claim pursuant to the terms of a preprinted invoice form that the parties used to memorialize their contract. The form contained a preprinted provision stating that interest of one and one-half percent shall be charged monthly on the unpaid balance after thirty days. In pertinent part, it provided that: "[a]ll legal costs, including reasonable attorney's fees, will be charged to a customer if this account is referred for collection." The trial justice decided not to award the one and one-half percent interest and attorney's fees. He determined that plaintiff's claim was "validly disputed" and that the provision in question was not actually agreed to by the parties.

The plaintiff appeals from the portion of the trial justice's decision denying attorney's fees and interest at the contractual rate of one and one-half percent. The plaintiff contends that the trial justice

erred in ignoring the clear and unambiguous language in the parties' agreement. The plaintiff compares this case to *Kottis v. Cerilli*, 612 A.2d 661 (R.I.1992), in which this Court upheld a trial justice's award of interest and attorney's fees pursuant to the parties' contract. *Id.* at 669. The contract in that case was a purchase and sale agreement for real estate, which had a purchase price of $1,360,000. *Id.* at 663. The contract contained a provision requiring that the buyers pay interest of twenty percent per year on any outstanding balance owed to sellers after a certain date, and that the buyers also pay attorney's fees necessary for collection of the amount due. *Id.* at 668. When a breach occurred and the sellers brought suit, they requested interest on their damages at the contract rate. *Id.* at 669. The buyers argued that sellers were entitled to interest only on the balance due on the promissory note, not on any damages caused by the breach of contract. *Id.* at 668. This Court agreed with the sellers, finding that the contract's terms were clear and unambiguous. *Id.* at 668–69.

The present case is distinguishable from *Kottis* in several respects. First, the provision at issue in this case is a preprinted paragraph located at the bottom of all of plaintiff's invoice forms. The trial justice found that the provision in question was "boiler plate contractual language" to which the parties had never actually agreed. In *Kottis*, the interest/attorney's fees provision contained language specific to the parties' transaction (the sale of a real estate parcel for more than one million dollars) and was unquestionably part of the contract. *See id.*

It is well settled that findings of fact made by a trial justice are entitled to great weight on appeal and will not be disturbed unless such findings are clearly wrong or unless the trial justice misconceived or overlooked material evidence. *Bielecki v. Boissel*, 715 A.2d 571, 575 (R.I.1998); *Raheb v. Lemenski*, 115 R.I. 576, 579, 350 A.2d 397, 399 (1976). Thus our task is to determine if the trial justice was clearly wrong or if he overlooked or misconceived material evidence regarding whether the parties reached an agreement on the terms included on the bottom of plaintiff's invoice form beneath the parties' signatures.

A general rule of contract law in Rhode Island is that if a party signs a written contract, he or she is presumed to know of and understand its contents; the party will not be heard to complain that he did not read the contract or that he or she did not understand it. *See F.D. McKendall Lumber Co. v. Kalian*, 425 A.2d 515, 518 (R.I. 1981). A widely recognized exception to this rule, however, is that a party is not bound by such terms unless the "provisions contained in the document [are] printed in such a way as to be likely to come to the attention of the party receiving it." *Id.*

In this case, the trial justice found that defendant did not agree to the terms included on the bottom of plaintiff's invoice beneath the parties' signatures. We are of the opinion that the trial justice was not clearly wrong in drawing this conclusion. First, the paragraph containing these terms was displayed in smaller print than the rest of the contract. Second, the rest of the contract was typed, whereas this provision is part of a preprinted form. Third, the provision was located at the very bottom of the invoice, under the lines reserved for the parties' signatures. Because of its location, inconspicuous appearance, and preprinted typeface, the trial justice was not clearly wrong when he concluded that the defendant in all likelihood did not even notice this paragraph before signing the document, much less agree to it as part of the contract.

Moreover, the trial justice found that the plaintiff's claim was validly disputed. Thus, this was not an account that merely could be "referred for collection" because one party unjustifiably refused to pay an amount that was indisputably due and owing; rather, this was a valid contract dispute that could not just be "referred for

collection" without first resolving the various legitimate liability questions interposed by the parties. Especially in light of the trial justice's finding that plaintiff failed to prove that it had delivered stones for a French drain to Baskin, as it was required to do under the original contract, enforcement of the interest and attorney's fees provision would have been unjustified in a situation where plaintiff had failed to perform fully its end of the bargain.

For these reasons, we conclude that the trial justice's decision declining to apply additional interest or to award attorney's fees to the plaintiff's judgment was supported by the evidence. Hence we deny the plaintiff's appeal and affirm the judgment.