NICHOLAS G. ANTONAKOS *vs.* PROVIDENCE INSTITUTION FOR SAVINGS.

MAY 17, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

PAOLINO, J. This is an action of trespass on the case for negligence to recover damages for personal injuries sustained by the plaintiff while a business invitee on premises owned by the defendant.

The case was tried before a justice of the superior court sitting with a jury. At the conclusion of all the evidence defendant moved for a directed verdict. The trial justice reserved decision thereon and sent the case to the jury. They returned a verdict for plaintiff in the amount of $15,-000. The trial justice thereupon granted defendant's motion. The case is before us on plaintiff's exception to such decision.

The question presented on this appeal is whether he erred in granting the motion. He based his decision on the ground that there was no evidence of negligence on the part of defendant and also on the ground that plaintiff assumed the risks involved in his employment. In passing on such motion it was his duty to construe all the evidence and all reasonable inferences therefrom most favorably to plaintiff. *Corcione* v. *Ruggieri*, 87 R. I. 182, 188. In reviewing his decision we must do likewise.

The plaintiff's declaration is in three counts. It alleges in substance the existence of a dangerous or defective con-

dition on defendant's premises of which defendant knew or should have known. The breaches alleged are a failure to warn plaintiff of such condition, a failure to keep its premises in a reasonably safe condition, and a failure to repair. The plaintiff concedes that the only duty owed him by defendant was to use reasonable care in maintaining its building, including the chimney, in a reasonably safe condition for the purposes for which he was on its premises. See *Nottie* v. *Picchione,* 74 R. I. 93, 96.

The following facts are not in dispute. The defendant is the owner of a building in Providence known as "The Old Stone Bank." In May 1955 it engaged plaintiff's employer, an independent contractor, to clean the exterior walls including a large chimney which measured 11 feet in width, 40 feet in height on one side and 28 feet in height on the opposite side. The contractor commenced its work, which involved a steam-cleaning process, on August 3, 1955. The work crew on the job consisted of a foreman and three helpers. The plaintiff was one of the helpers.

The accident involved in this case occurred on August 9, 1955 while plaintiff was on the roof of defendant's building. He was preparing to move a scaffolding on which he had been standing while cleaning the chimney when he was suddenly struck on the head by a brick. The brick had fallen from the chimney from a point about two feet below the cap of the chimney. It appears from the evidence that the accident occurred just about the time a fellow employee was on the top of the chimney moving a hook which held up the scaffolding.

The plaintiff testified that he had been working on this job for about two weeks prior to the accident; that during such time he did not see any defects in the chimney although he did state that there were a few "cracks" which did not amount to much; and that as far as he could see it was in good condition. He testified that he did not know how the accident happened.

It is clear from the testimony of other witnesses that the cause of the fall of the brick was a lack of sufficient mortar to bind it to the remaining bricks and that this condition had existed for some period of time. We shall therefore assume for the purposes of this case that at the time of the accident, and for an undetermined period of time prior thereto, a dangerous or defective condition with respect to the brick in question actually existed on defendant's premises.

The mere existence of such condition, however, is not sufficient to charge defendant with negligence. Unless there is evidence, direct or inferential, that it knew, or by the exercise of reasonable care in inspecting and maintaining its premises should have known, of such condition for a long enough period of time prior to the accident, it cannot be charged with notice thereof as a matter of law. Such notice is necessary to impose upon it the duty of alleviating the danger or of warning plaintiff of its existence.

Clearly, there is no evidence in this record that defendant had actual knowledge of the dangerous condition in question. However, plaintiff contends that there is evidence from which the jury could reasonably have found that defendant should have known, by proper and sufficient inspections of its premises, of the defective condition of the chimney in ample time to have repaired it or to have warned plaintiff thereof. The basic issue, therefore, is whether the evidence construed most favorably to plaintiff would support a finding of constructive notice.

The plaintiff frankly admits that whether a defective structure is in such condition as to charge a landowner with constructive notice thereof because of the latter's duty to inspect, maintain and repair its premises is a question which necessarily must be decided upon the peculiar facts of each individual case. We are in complete agreement with plaintiff's observation and, for that reason, do not deem it nec-

essary or helpful to discuss the cases cited by him. Since there is no serious dispute about the applicable law, we shall discuss briefly the evidence on which plaintiff relies in support of his contention that there is evidence in this record which, taken in the light most favorable to him, raises a question of fact for the jury on the issue of constructive notice.

The evidence presented by defendant is in substance that its building superintendent inspected the chimney visually once a month from the roof; that after Hurricane Carol on August 31, 1954, he climbed to within 10 feet of the top of the chimney to inspect it; that in his monthly inspection just prior to August 9, 1955, he visually inspected the chimney; and that on neither inspection did he see anything about its condition which would put him on notice that there was a defective brick in the chimney.

The plaintiff contends that the question whether such monthly inspections were reasonable and sufficient was, in the peculiar circumstances of this case, a question of fact for the jury. He relies on certain testimony presented by Andrew Olsen to support his contention that the condition of the chimney was such for some period of time before the accident that the jury could reasonably have inferred that defendant should have known or could have learned of the defective condition of the chimney by a proper inspection.

Mr. Olsen was the superintendent of the company engaged to do the steam cleaning work on defendant's premises. He testified that he inspected the premises in the spring of 1955 for the purpose of estimating the cost of steam cleaning the building, including the chimney in question. In the course of his testimony he stated that he could see that some pointing was needed in the chimney, mostly near the top 4 feet, and that there were also some vertical cracks in the chimney.

The plaintiff contends that the conditions described by

Mr. Olsen should have put defendant on notice that there was something wrong with the chimney and that it should have acted accordingly. In other words plaintiff argues that this testimony was sufficient to support a finding by the jury that defendant, had it made reasonable and proper inspections, would have discovered or, in the exercise of due care, should have discovered the defective condition in the chimney.

There would be some merit in plaintiff's contention if such testimony stood alone. But Mr. Olsen also testified that at the time of the inspection in question he could not see anything radically wrong with the chimney as far as the pointing was concerned; that he could not see anything dangerous; and that the fact that a building needs pointing does not necessarily mean that the bricks themselves are so loose as to be dangerous. In the circumstances we are constrained to conclude that Mr. Olsen's testimony does not help plaintiff on the issue of constructive notice. Neither does his opinion testimony with relation to the necessity of repointing buildings within certain periods of time avail plaintiff on this issue.

It appears without contradiction that the part of the chimney from which the brick fell was covered with soot. Mr. Olsen testified that he could not see the condition of the mortar joints at the top section of the chimney because of the soot; that where the soot is on the chimney the defects are concealed; and that the only way he knew how to determine the actual condition of the bricks and find out if they were defective would be to climb to the top of the chimney and scrape off the soot with a chisel.

After carefully reviewing the evidence in a light most favorable to plaintiff, it is our opinoin that there is none in the record from which the jury could conclude that defendant should have known of the defective condition of the chimney in time to have repaired the defect or to have

warned plaintiff thereof. The defective condition which caused the accident was not obvious. It was clearly latent and could not be discovered by a reasonable inspection of the chimney. The defendant was not an insurer of plaintiff's safety, nor can it be held to the exercise of *extraordinary* care to inspect and maintain its premises. As we stated previously, the only duty owed by the defendant to plaintiff was the exercise of reasonable care. *Stapleton* v. *Hyman,* 69 R. I. 466, 470. We find no evidence of a breach of such duty.

It is our opinion, therefore, that the trial justice did not err in granting the defendant's motion for a directed verdict on the ground that, as a matter of law, there was no evidence of negligence on its part. In the circumstances we do not reach the issue whether the plaintiff assumed the risks involved in his employment.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

### On Motion for Reargument.

#### June 11, 1962.

Per Curiam. After our decision in the above case was filed, the plaintiff was granted permission to present a motion for reargument. Pursuant thereto he has filed such a motion setting out therein the particular reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Gunning & LaFazia, Raymond A. LaFazia, Edward L. Gnys, Jr., Bruce M. Selya, V. James Santaniello,* for plaintiff.

*Boss, Conlan, Keenan, Bulman & Rice, James C. Bulman,* for defendant.