401 A.2d 1284.

KEM MANUFACTURING CORPORATION
*vs.* MATTHEW C. HOWLAND.

MAY 29, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.   This is an appeal in a civil action that the plaintiff brought seeking injunctive relief against the defendant, a former employee, for breach of a restrictive covenant contained in an employment contract.[1] The plaintiff alleged that the defendant had violated the contract by selling chemical products to the plaintiff's customers during the 2-year period delineated in the restrictive covenant. A Superior Court justice sitting without a jury found that the

---

[1]Although the contract contained a provision requiring that the agreement be construed in accordance with the law of the state of Georgia, there was no evidence introduced that the law of that state in this matter was any different from that of Rhode Island. Hence, if the Georgia law should be applied, we must assume that the applicable law of that state is the same as the law of this state on this subject. We have therefore made no investigation of the law of that state. *Rymanowski* v. *Rymanowski*, 105 R.I. 89, 99, 249 A.2d 407, 412 (1969); *Potemkin* v. *Leach*, 65 R.I. 1, 8, 13 A.2d 250, 254 (1940).

contract, including the covenant, was in effect until the defendant's employment terminated in 1976. The trial justice also found that the defendant had made sales that violated the covenant. As a result of this decision, the trial justice enjoined and restrained the defendant from doing any further business in violation of the covenant and found that the defendant was in contempt of an earlier preliminary injunction issued by the court. He awarded the plaintiff $3,839.25 for the defendant's breach of the covenant as well as further damages equal to the defendant's gross sales made in violation of the injunction. Finally, the trial justice ordered the defendant to make available to the plaintiff on a monthly basis invoices of his future sales for a 2-year period. After an entry of judgment for plaintiff, this appeal followed.

The record discloses that the parties entered into an employment contract on January 23, 1970. The contract called for defendant to serve as plaintiff's chemical sales representative in southern Rhode Island and eastern Connecticut. In August, 1973, defendant undertook limited managerial resonsibilities within the company while he continued his sales duties. The defendant discontinued his managerial duties, however, after 5 months and resumed his full-time sales duties. He continued his sales work until May, 1976, when his employment ended. At this time, defendant began his own chemical business, Shawnmark Chemical, and entered into competition with plaintiff.

On appeal, defendant argues that the trial justice erred in finding that his employment contract remained in effect until the 1976 termination. The defendant contends that in 1973, when he began his managerial duties, he became a district manager and his employment contract with plaintiff terminated. He testified that following his appointment he was asked to sign a division/district manager contract, but that he refused. He also testified that, upon his return to sales after 5 months, he refused to sign a new salesman's contract. Because his duties changed and he was asked to sign new contracts, defendant argues that his employment contract terminated in 1973.

The plaintiff argues that defendant was given a temporary assignment as a district manager in training and that this appointment did not terminate his original contract. The plaintiff supports this argument by referring to the testimony of its employee, James Garvey, who indicated that defendant continued to operate as a salesman during his 5-month assignment. The plaintiff presented further testimony that, although defendant was placed on a salary, he was paid the equivalent of his commissions for sales during his temporary assignment. The plaintiff concludes therefore that defendant remained a salesman until 1976 and that his contract was not terminated until that time.

We have established on numerous occasions that the findings of a trial justice sitting without a jury will not be disturbed on appeal unless the trial justice was clearly wrong or has overlooked on misconceived material evidence. *Gim* v. *Jan Chin, Inc.,* 117 R.I. 39, 43, 362 A.2d 143, 146 (1976); *Raheb* v. *Lemenski,* 115 R.I. 576, 579, 350 A.2d 397, 399 (1976). The trial justice found that defendant's employment contract did not terminate at the time of his 1973 assignment but instead terminated in May of 1976. The trial justice thus found that the 2-year period covered in the covenant began to run in 1976. After careful review of the record, we are of the opinion that the trial justice did not err in making these findings.

In reaching his decision, the trial justice was faced with conflicting testimony. Determinations as to the credibility of witnesses are the functions of the trial court. *Raheb* v. *Lemenski,* 115 R.I. at 579, 350 A.2d at 399. Thus, when faced with the conflicting testimony of witnesses, the trial justice is entitled to draw reasonable inferences from the testimony he found to be credible. *See Marstan Corp.* v. *Centreville Realty Co.,* 106 R.I. 36, 38, 256 A.2d 26, 27 (1969).

The trial justice's decision apparently gave great weight to Garvey's testimony that defendant remained a salesman until his termination in 1976. Apparently the trial justice also

relied upon Garvey's testimony that defendant's salary during the temporary assignment was based upon sales commissions.

It is equally obvious to this court that the trial justice did not rely upon defendant's testimony that he refused the request to sign other employment contracts. This testimony was specifically refuted by defendant's witness, Martin Hirsch, who testified that, if an individual failed to sign a contract with plaintiff, that individual would either not get a promotion or would be threatened with termination. We are therefore of the opinion that the record discloses sufficient competent evidence to support the trial justice's decision.

In reaching this conclusion, we acknowledge that the trial justice did err when, in drawing an inference from the testimony elicited at trial, he referred to the defendant's written termination when in fact the defendant had telephoned his resignation to an employee of the plaintiff. In his decision, the trial justice inferred from the defendant's termination notice that the defendant believed he was bound to the employment contract. It is obvious to this court that the material aspect of the trial justice's inference was the defendant's intention to terminate his contract, not whether the termination was written or oral. The trial justice therefore did not misconceive a material portion of the evidence before him. *Hood* v. *Slefkin*, 88 R.I. 178, 189, 143 A.2d 683, 689 (1958). As a result, we shall not disturb the trial justice's decision.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

*Hinckley, Allen, Salisbury & Parsons, Robert W. Lovegreen,* for plaintiff.

*Steven M. Feingold,* for defendant.