**Luther R. CARTER, Jr., also known as Tom Carter, Plaintiff,**

v.

**The CATAMORE COMPANY, INC., Defendant.**

No. 83 C 391.

United States District Court, N.D. Illinois, E.D.

July 19, 1983.

Jesse J. Holland, Holland & Holland Associates, Chicago, Ill., for plaintiff.

Ronald Wilder, Marci A. Eisenstein, Patricia Dondanville, Schiff, Hardin & Waite, Chicago, Ill., for defendant.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is defendant's motion to dismiss. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1332. For the reasons stated below, the motion is denied.

The plaintiff in this case is Luther R. Carter, Jr., ("Carter"), a resident of Illinois. The defendant is the Catamore Company, Inc. ("Catamore"), a Delaware corporation with its principal place of business in Rhode Island.

The facts, drawn primarily from the complaint, are alleged to be as follows: On February 17, 1982, the parties entered into a written contract which was to be effective as of January 1, 1982, under which Carter was to be employed for a term of five years. Carter was to establish and manage a direct mail order division for Catamore.

The contract fixed Carter's compensation at a salary of $100,000 per year. Carter was to be paid an additional $20,000 in the first year of the contract term, $10,000 being paid upon the signing of the contract and $10,000 to be paid at the end of the first year. Carter was also to receive annual incentive compensation based on a program to be established by Catamore for all its executives. Carter allegedly performed his duties until August 2, 1982, when he alleges Catamore repudiated the contract and discharged him.

The contract provided that it would be governed by and interpreted under the laws of the State of Rhode Island.

Carter then brought this breach of contract action, claiming that he has suffered damages of $459,999.99—the compensation he would have received under the remaining 4½ years of the 5-year term. Carter also claims he is entitled to punitive damages in the amount of $100,000 because, he alleges, Catamore acted wilfully, maliciously and tortiously in repudiating the contract.

Catamore contends that the complaint should be dismissed because: 1) an employee is not entitled to recover full payment under an employment agreement before the expiration of the term of that agreement; and 2) punitive damages are not recoverable.

## I. Motion to Dismiss

Initially, the motion presents the issue of what law is to be applied. The contract stipulates that Rhode Island law is to be applied; and courts will generally enforce choice of law clauses. See Lauritzen v. Larsen, 345 U.S. 571, 588–89, 73 S.Ct. 921, 931, 97 L.Ed. 1254 (1953); Tele. Controls, Inc. v. Ford Industries, Inc., 388 F.2d 48 (7th Cir.1967). Rhode Island law will therefore govern this controversy.

Unfortunately, Rhode Island law has never considered whether an employee who brings suit prior to the expiration date of the employment contract may recover damages for the entire term.

The defendant contends that when a state has not decided a particular issue, the forum court may apply its own law, it being assumed that the state law to be applied is probably the same as the law of the forum, absent proof to the contrary. It appears that at least one court has employed this doctrine. See Gaines v. Jacobsen, 308 N.Y. 218, 124 N.E.2d 290 (1954), 16 Am.Jur.2d § 79, 128–29 (1979).

There is also a similar principle under Rhode Island law. In *KEM Manufacturing*

*Corp. v. Howland,* 121 R.I. 601, 401 A.2d 1284 (1979), the parties had entered into a contract which was to be governed by the laws of Georgia. Although this choice of law clause was valid, the court applied Rhode Island law because the parties had not presented evidence as to what the law in Georgia was. Therefore, the court assumed that Rhode Island law would be the same as Georgia law.

Assuming *arguendo* that Rhode Island law would mirror Illinois law, it still would not require dismissal of the action. Under Illinois law, the defendant maintains that an employee who seeks to recover damages due to him under a contract whose term has not yet expired has two alternatives: he can either file a series of installment suits in an effort to recover the damages he has actually sustained or he can await the expiration of his contract term before filing suit. The defendant relies on the Illinois Supreme Court decision *Mt. Hope v. Weidenmann,* 139 Ill. 67, 28 N.E. 834 (1891) and on later appellate and federal decisions in *Corby v. 7100 Jeffrey Ave. Building Corp.,* 325 Ill.App. 442, 60 N.E.2d 236 (1st Dist. 1945) and *Gass v. National Container Corp.,* 171 F.Supp. 441 (S.D.Ill.1959), *app. dismissed,* 271 F.2d 231 (7th Cir.1959), to establish this doctrine of "election of remedies".

There is some doubt, however, as to the continuing validity of the *Mount Hope* rule. The Illinois Supreme Court rejected application of the *Mount Hope* rule in *Doherty v. Schipper & Block,* 250 Ill. 128, 95 N.E. 74 (1911). *Doherty* instead held that the only action a wrongfully discharged employee could bring was for breach of contract and that all damages resulting from such breach must be recovered in one action, which may be brought before the expiration of the contract term. At least one Illinois Appellate Court has followed the *Doherty* rule. *Washington Photo Engraving Co. v. Pike,*

31 Ill.App.2d 113, 175 N.E.2d 629 (1961) (abstract opinion).[1]

What is significant for our purposes, however, is that neither line of cases holds that a plaintiff may not maintain a cause of action prior to the termination of the agreement's term. Both the *Mount Hope* rule and the *Doherty* rule go to the issue of the measure of damages. The employees in the cases cited by the defendant had brought suit for the entire term of the unexpired contracts and the court then limited recovery to damages sustained up to the time of trial. Since the cases are relevant only to the proper measure of damages, and not whether a cause of action may be maintained, they fail to support the defendant's position and the motion to dismiss must therefore be denied.

So the case may proceed intelligently, it is imperative for the court to decide the choice of law issue at this time. After careful review, the court finds that Rhode Island law governs this dispute and that Rhode Island would adhere to the majority position and allow a breach of contract action prior to the expiration of the employment contract's term.

 Although Rhode Island and New York have both applied the principle that it will apply forum law when the law of the contract stipulation is unclear, this principle is not binding. It is only one factor among many the court may consider. Further, it is based on an assumption that the law of the forum would probably reflect the law of the stipulated state: however, when there is evidence that the assumption might be incorrect, the forum court may determine what the stipulated state would do if it considered the issue. Indeed, in the cases which held that the forum would apply its own law, the courts were merely applying well-established majority principles.[2]

1. This circuit recently recognized the two different lines of Illinois law on this issue. *See Gasbarra v. Park-Ohio Industries, Inc.,* 655 F.2d 119, 122 (7th Cir.1981). The court found that it did not need to "resolve the question of which line of cases [was] the more appropriate expression of the law in Illinois" because under

either line of cases, the plaintiff was still barred from bringing a subsequent action for items for which suit should have been brought in the prior action, but was not. *Id.*

2. *See KEM Manufacturing Corp. v. Howland, supra,* (upholding validity of restrictive covenant); *Gaines v. Jacobsen,* 308 N.Y. 218, 124

In the case at bar, it is clear that not allowing an employee to bring suit for the entire contract term is by far the minority position—it is accepted by only 9 states. At least 27 states do allow an employee to bring suit for the entire contract term. *See* cases cited in 91 A.L.R.2d 682. Even if Illinois law were applied, as noted earlier, it is not clear that it would not adhere to the majority position. Allowing an employee to bring suit for the entire term appears to be the sounder approach. Contrary to the defendant's assertion, the obligation of a wrongfully discharged employee to secure other work will not be undermined. As the court stated in *Cutter v. Gillette,* 163 Mass. 95, 39 N.E. 1010 (1895), the jury can consider the wages the employee would have earned under the contract, whether the parties' life expectancies would continue to the end of the contract period, whether the plaintiff's working ability would continue and any other uncertainties. The same kind of uncertainty is encountered in any personal injury case. Therefore, this court finds that Rhode Island would adhere to the better approach and would allow an employee to bring suit for the entire contract term.

## II. Punitive Damages

The defendant also contends that the plaintiff is not entitled to punitive damages. Although the motion to dismiss has been denied, the court may treat this contention as a motion to strike.

 It is clear that punitive damages are generally not recoverable for breach of contract. However, in any contract, there is a duty of the parties to deal fairly and in good faith with each other. This duty is implied by law. Since violation of this duty sounds in contract as well in tort, punitive damages may sometimes be obtainable. *See Bibeault v. Hanover Ins. Co.,* 417 A.2d 313, 319 (R.I.1980). Punitive damages may only be awarded when the party has acted with malice, wantonness or wilfulness. *Id.* Since the motion to strike is a procedural matter, it is governed by federal law. The

allegations made by the plaintiff must be accepted as true. *Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Hampton v. City of Chicago,* 484 F.2d 602 (7th Cir.1973), *cert. den.* 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974). The plaintiff's complaint does allege that Catamore's conduct was wilful and malicious. Under the notice pleading of the federal rules, this is enough to put the defendant on notice that he may have to defend against a tort claim. Therefore, the motion to strike is denied.

IT IS SO ORDERED.

N.E.2d 290 (1954) and *Rymanowski v. Rymanowski,* 105 R.I. 89, 97, 249 A.2d 407, 412 (1969) (concerning support obligations under divorce decrees).