William KONICKI et al.

v.

Anthony LAWRENCE.

No. 81–548–Appeal.

Supreme Court of Rhode Island.

May 1, 1984.

Edward E. Dillon, Lind & Dillon, Slatersville, for plaintiffs.

Robert D. Parrillo, Hanson, Curran & Parks, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action for negligence brought by the plaintiffs, William and Florian Konicki, against the defendant, Anthony Lawrence, seeking to recover damages for personal injuries and property damage sustained as a result of a collision involving the plaintiffs' and the defendant's motor vehicles. The case was tried by a justice of the Superior Court sitting without a jury. A decision was rendered and judgment entered for the defendant. The plaintiff appeals from the judgment. There being no dispute as to the facts, the parties submitted the case to the trial justice upon an agreed statement of facts.

The record reveals the following information. At approximately 10 p.m. on October 31, 1978, plaintiff William Konicki was operating Florian Konicki's van with her permission. He was traveling in a southbound direction on Diamond Hill Road in Cumberland. The weather was clear and the smooth asphalt road surface was dry. At the same time, defendant was driving his vehicle in a northbound direction on Diamond Hill Road. Both drivers were operating their vehicles in the exercise of due care.

When the automobiles were approximately 300 feet apart, William Konicki noticed sparks coming from the bottom of defendant's vehicle. He thereupon slowed his vehicle and moved to his right. However, the right-rear wheel of defendant's car became dislodged and collided with plaintiff's van, causing personal injury to William Konicki and property damage to the vehicle owned by Florian Konicki. The lugs securing the wheel to the vehicle were sheered off.

The defendant had felt no vibrations nor had he any warning whatsoever that the wheel would become dislodged from the vehicle. Indeed, he had purchased the automobile that day. At the time of the sale, the seller made a complete mechanical inspection of the car and found no mechanical defects. The defendant had no reason to know of any dangerous condition of any part of the vehicle. He was the only person who operated the automobile after its purchase and did not abuse it at any time.

The plaintiff requested relief on the theory of res ipsa loquitur, arguing that this was the kind of accident that does not ordinarily occur in the absence of negligence, that defendant was in exclusive control of his vehicle, the injury-causing in-

strumentality, and that the plaintiffs did not contribute to the accident. The trial justice, relying upon *Parrillo v. Giroux Co.*, R.I., 426 A.2d 1313 (1981), denied recovery on the ground that plaintiffs had failed to sufficiently eliminate other responsible causes for this incident.

The sole issue on appeal is whether plaintiffs established defendant's negligence under the theory of res ipsa loquitur. The plaintiffs assert that the facts set forth a prima facie case of negligence and that the trial justice misconstrued *Parrillo*.

The law concerning res ipsa loquitur in this jurisdiction changed with our adoption of the Restatement (Second) *Torts* § 328D (1965) in *Parrillo v. Giroux Co.*, R.I., 426 A.2d at 1320. The Restatement provides:

"(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

"(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.

"(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached." Restatement (Second) *Torts* § 328D at 156–57.

The plaintiffs argue that *Parrillo* was merely an attempt to liberalize the burden of establishing that the defendant had exclusive control of the injury-causing instrumentality. They assert that the requirement that a plaintiff must sufficiently eliminate other responsible causes is an alternative, not an additional element of establishing negligence by the use of res ipsa loquitur.

The plaintiffs clearly misconceived *Parrillo* wherein this court stated, "[e]xclusive control may eliminate other causes, but the critical inquiry is not control, but whether a particular defendant is the *responsible cause* of the injury." *Parrillo*, R.I., 426 A.2d at 1320. Res ipsa loquitur is not a rule of either procedural or substantive tort law, but "only a shorthand expression for circumstantial proof of negligence—a rule of evidence." *Montuori v. Narragansett Electric Co.*, R.I., 418 A.2d 5, 13 n. 9 (1980) (quoting *Gilbert v. Korvette's, Inc.*, 457 Pa. 602, 611, 327 A.2d 94, 99 (1974)). Thus, a plaintiff must still prove a case of negligence.

A court cannot presume negligence from the mere happening of an accident. *E.g.*, *Montuori v. Narragansett Electric Co.*, R.I., 418 A.2d at 9; *Salk v. Alpine Ski Shop, Inc.*, 115 R.I. 309, 312, 342 A.2d 622, 625 (1975); *Coia v. Eastern Concrete Products Co.*, 85 R.I. 128, 131–32, 127 A.2d 858, 860 (1956). It is also insufficient to show that the accident is of the kind that does not ordinarily occur without negligence; the negligence must point to the defendant. Restatement (Second) *Torts* § 328D, comment f at 160. The plaintiff must establish that the negligence was more probably than not that of the particular defendant. *Parrillo v. Giroux Co.*, R.I., 426 A.2d at 1320; *see also* Prosser, *Law of Torts*, § 39 at 218 (4th ed. 1971).

The plaintiffs further argue that once they established that defendant was in exclusive control of his vehicle at the time of the accident, the burden of eliminating other possible sources of negligence shifted to defendant.[1] The plaintiffs were never relieved of establishing the negli-

---

**1.** The plaintiff relies on *Swiney v. Malone Freight Lines*, 545 S.W.2d 112 (Tenn.App.1976); while it is factually similar to the case at bar, *Swiney* is not relevant to the case before us as Tennessee law does not require the elimination of other responsible causes for an accident.

gence of defendant. The plaintiffs' argument is totally without merit as it is totally inconsistent with the Restatement, which eschews any reliance on the requirement of exclusive control, stating that it is only one means of establishing negligence. Restatement (Second) *Torts* § 328D, comment g at 161.

■ It is well established that the findings of a trial justice sitting without a jury will not be disturbed on appeal unless the trial justice was clearly wrong or overlooked or misconceived material evidence. *Kem Manufacturing Corp. v. Howland,* 121 R.I. 601, 604, 401 A.2d 1284, 1286 (1979); *Raheb v. Lemenski,* 115 R.I. 576, 579, 350 A.2d 397, 399 (1976).

The trial justice stated that the evidence did not sufficiently eliminate other responsible causes for the accident and thus he could not determine that it was more probable than not that the negligence was that of defendant rather than a negligent third party, such as the individual who attached the wheel to vehicle or the manufacturer of the wheel. Accordingly, he found that plaintiffs did not establish defendant's negligence and entered judgment for defendant.

■ After a careful review of the record, we are of the opinion that the trial justice did not err in his findings. He did not misconceive or overlook material evidence. The evidence did not sufficiently eliminate other responsible causes of negligence. Thus, plaintiffs failed to meet their burden of proving that the negligence was more probably than not, that of defendant. *Parrillo v. Giroux Co.,* R.I., 426 A.2d at 1320.

■ Finally, the plaintiffs raise the issue of G.L.1956 (1968 Reenactment) § 31–38–1, which prohibits an individual from driving an unsafe motor vehicle which may cause harm to other persons. They allege that the trial justice failed to recognize the significance of this statute. The only significance of this statute to this case is that it clearly outlines a duty owed from the defendant to the plaintiffs. The plaintiffs still had the burden of establishing the defendant's breach of that duty, which they failed to do.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.