Juan HERNANDEZ

v.

Elmer FERNANDEZ.

No. 96–153–Appeal.

Supreme Court of Rhode Island.

July 16, 1997.

Stephen C. Mackie, Providence, for Plaintiff.

Kevin J. Holley, Providence, for Defendant.

Before WEISBERGER, C.J., and BOURCIER and FLANDERS, JJ.

## OPINION

**PER CURIAM.**

This case came before a panel of this Court pursuant to an order directing the plaintiff, Juan Hernandez, to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the legal memoranda submitted and hearing oral arguments thereon we conclude that cause has not been shown and we proceed to decide this appeal summarily at this time.

The plaintiff filed a complaint in the Sixth Division District Court on May 29, 1992, alleging that his car had been damaged by a tree branch that had fallen as a result of the negligence of the defendant, Elmer Fernandez. After trial in the District Court resulting in judgment being entered for the defendant, the plaintiff appealed to the Superior Court.

At his de novo trial before a jury in the Superior Court the plaintiff alleged that he was visiting a tenant living at the defendant's property at 92 Laban Street in Providence on October 30, 1991. He claimed that during that visit his car was struck by a tree branch that fell from a tree located on the defendant's property. According to the plaintiff the alleged offending tree was in an unhealthy and dangerous condition that defendant knew or should have known existed and that the defendant was negligent in failing to warn the plaintiff of the condition of the tree or in failing to correct its condition.

During the Superior Court trial it was disclosed that the damage occurred on the day that Hurricane Bob had been predicted to strike. Even though full hurricane conditions never materialized, the evidence nonetheless indicated that conditions that day were extremely windy. The plaintiff testified that as he was leaving defendant's home, he noticed a branch that looked "rotten" on top of his car. He further testified that he noticed a tree approximately twenty-five feet away from his car, also on the defendant's property, that looked as if it was the tree from which the branch had come. Photographs of the tree and the damaged car were admitted into evidence.

On cross-examination the plaintiff testified that no one witnessed the branch fall on his car and that there were other trees in the immediate area. He also testified that in his many visits to the defendant's property, he had never been aware of any decay in any of the trees there.

Following the completion of the plaintiff's case, the defendant moved for, and was granted judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure. The trial justice in ruling on the defendant's motion concluded that there was insufficient evidence to prove causation given the number of other trees in the immediate area, some of which were not on the defendant's property, and the windy conditions on the day in question. She further concluded that it would be inappropriate to allow a jury to infer causation solely upon the basis of photographs of a standing tree with the defendant's opinion that it was rotten and had caused the damage. She additionally

ruled that judgment as a matter of law was appropriate under this Court's decision in *Antonakos v. Providence Institution for Savings*, 94 R.I. 382, 181 A.2d 101 (1962), based upon the plaintiff's failure to demonstrate that the defendant knew or should have known of the alleged condition of the tree.

On appeal to this Court the plaintiff contends that the trial justice erred in granting judgment as a matter of law. He maintains that there was sufficient circumstantial evidence presented to withstand the defendant's motion and to allow the jury to decide the case. We disagree.

■■■ When reviewing the decision of a trial justice on a motion for judgment as a matter of law,[1] this Court, like the trial justice, views the evidence in the light most favorable to the nonmoving party and gives to that party the benefit of all reasonable and legitimate inferences that may properly be drawn therefrom, without weighing the evidence or assessing the credibility of the witnesses. *See Haxton's of Riverside, Inc. v. Windmill Realty, Inc.*, 488 A.2d 723, 724 (R.I.1985). "If there is evidence supporting the nonmoving party or evidence on which reasonable minds can differ, the jury is entitled to decide the facts and the motion should be denied." *Lutz Engineering Co. v. Industrial Louvers, Inc.*, 585 A.2d 631, 635 (R.I. 1991). However, in factual circumstances in which no reasonable jury could find for the nonmoving party, the motion should be granted. *Cinq–Mars v. Rodriguez*, 674 A.2d 401, 405 (R.I.1996).

■■■ In this case we agree with the trial justice that no reasonable jury could have found that it was in fact the defendant's tree that had caused the damage to the plaintiff's automobile. The trial evidence demonstrated that there were other trees in the immediate area, that with heavy winds, could have caused the plaintiff's damage. Furthermore, the plaintiff's photographic evidence disclosed that the alleged offending tree was

actually located around and behind the corner of the house in which the plaintiff had been visiting and thus out of direct line with the plaintiff's parked car. Thus, other than photographs of the plaintiff's damaged car and of the tree that the plaintiff believed caused the damage, we have no evidence to suggest beyond total speculation that it was the defendant's tree from which the branch had fallen. We have consistently held that the "causal connection between negligence and injury must be established by competent proof and cannot be based upon conjecture or speculation." *Fondedile, S.A. v. C.E. Maguire, Inc.*, 610 A.2d 87, 95 (R.I.1992). To conclude here on the trial record before us that the defendant's tree caused the plaintiff's damage would involve total speculation. The trial justice was correct in granting the defendant's motion.

■■■ Even if one were to assume causation, there is no evidence to support the plaintiff's contention that the defendant knew or should have known of the tree's condition prior to the day of the incident. As we have long held, the mere occurrence of an accident, without more, does not warrant an inference that a defendant has been negligent. *Carnevale v. Smith*, 122 R.I. 218, 224, 404 A.2d 836, 840 (1979). Rather,

"Unless there is evidence, direct or inferential, that [the defendant] knew, or by the exercise of reasonable care in inspecting and maintaining its premises should have known, of such condition for a long enough period of time prior to the accident, it cannot be charged with notice thereof as a matter of law. Such notice is necessary to impose upon it the duty of alleviating the danger or of warning plaintiff of its existence." *Antonakos*, 94 R.I. at 385, 181 A.2d at 103.

■■■ From the record before us we observe that the plaintiff's only evidence to suggest notice to the defendant of the tree's condition was his opinion that the tree was

---

1. Rule 50(a) of the Superior Court Rules of Civil Procedure provides in pertinent part:

   "(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the

court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."

**1104**

obviously "rotten" based upon his photographs of the tree. However, by the plaintiff's own admission he himself had never noticed the condition of the tree during his other numerous previous visits to the defendant's property. His contention of obviousness lacks probative value. We conclude that no reasonable jury could have inferred any prior notice to the defendant with this paucity of evidence, and therefore, this case falls squarely under *Antonakos,* as the trial justice properly concluded.

For the foregoing reasons the plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed. The papers of the case are remanded to the Superior Court.

LEDERBERG and GOLDBERG, JJ., did not participate.