May 24, 2017

**Supreme Court**

No. 2014-337-Appeal.
(PC 07-2627)

Pocahontas Cooley      :

v.      :

Paul Kelly.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Pocahontas Cooley    :

v.    :

Paul Kelly.    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.**  This premises liability case, in which the plaintiff alleges she was injured after falling through a defective stair, came before the Supreme Court on April 27, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not summarily be decided.  After considering the written arguments of the parties,[1] and after a thorough review of the record, we are of the opinion that cause has not been shown and that this case should be decided at this time without further briefing or argument.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

The plaintiff, Pocahontas Cooley, appeals from a decision of the Superior Court granting summary judgment to defendant, Paul Kelly.  The plaintiff argues that the hearing justice erred

---

[1] Although a memorandum was filed on plaintiff's behalf by counsel, she appeared without counsel before the Court.  Both parties agreed that the matter could be decided on the written submissions.

when he concluded that there was no evidence that defendant had any notice of any defective condition and that there was no basis for the application of the doctrine of <u>res</u> <u>ipsa</u> <u>loquitur</u>.

At the time of the incident, both plaintiff and defendant resided at 517 Mail Road in Exeter. Although defendant was the sole owner of the premises, plaintiff had been living there since February 1998.[2]

On the evening of June 10, 2004, plaintiff arrived at the premises; and, while talking on her cellular telephone, she climbed the wooden stairs that led to the front porch of their mobile home. She testified that when she reached the top stair she "began to fall through it and [her] feet hit the ground and [she] was encased in the stairwell." The plaintiff alleged that she sustained multiple injuries as a result of her fall.

In May 2007, plaintiff filed a complaint against defendant, alleging that he was negligent in that he had breached his duty to keep the premises in a safe and reasonable manner. She claimed that the stairs had rotted from insect damage and that, as a result, they were dangerous and not properly maintained.

When she was deposed, plaintiff confirmed that no other steps or railings gave way. She also said that when she left the premises that night she walked down the same step that later crumbled beneath her. She also mentioned that she did not notice anything unusual about the step when she left. Furthermore, she testified that each and every time she arrived at or left the premises she stepped on that same step, and that she never had noticed anything wrong with it.

In November 2010, after discovery had been completed, defendant filed a motion for summary judgment.[3] The defendant contended that the alleged defect in the premises did not exist for a sufficiently long period of time so as to afford him reasonable notice, actual or

---

[2] When she was deposed, plaintiff testified that she and defendant had entered into a common-law marriage in 1998. However, by the time plaintiff was deposed, they had separated.

[3] The defendant's motion for summary judgment was refiled in January 2012.

constructive, of its existence.  Almost two years later, after securing new counsel,[4] plaintiff filed a motion to amend her complaint to include a res ipsa loquitur allegation against defendant.

In November 2012, the hearing justice granted defendant's motion for summary judgment.  Before granting the motion, the hearing justice observed that an essential element in a premises liability case that is based on a defective condition is notice.  He concluded that the record was devoid of evidence that defendant had any notice of any defective condition.  With respect to the res ipsa loquitur count, the hearing justice found that plaintiff had failed to produce sufficient evidence from which a reasonable jury could conclude that, on the whole, it was more likely than not that there was negligence on the part of defendant.  He added that, pursuant to McLaughlin v. Moura, 754 A.2d 95 (R.I. 2000), the causal connection between negligence and plaintiff's injury must be established by competent evidence and may not be based on conjecture or speculation.  The hearing justice found that plaintiff had failed to provide any competent evidence that would tend to show that defendant was negligent.

In April 2014, defendant filed a motion for entry of judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure.  After judgment was entered for defendant in November 2014, plaintiff timely appealed.

## II

## Standard of Review

"This Court reviews de novo a trial justice's decision granting summary judgment." Rose v. Brusini, 149 A.3d 135, 139 (R.I. 2016) (quoting Sola v. Leighton, 45 A.3d 502, 506 (R.I. 2012)).  "Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary

---

[4] The plaintiff's original attorney withdrew from the case.

judgment." Id. at 139-40 (quoting National Refrigeration, Inc. v. Standen Contracting Co., 942 A.2d 968, 971 (R.I. 2008)). "The party opposing 'a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions.'" Id. at 140 (quoting National Refrigeration, Inc., 942 A.2d at 971).

## III

## Analysis

On appeal, plaintiff argues that defendant owed a duty to her and that a reasonable inspection would have shown the need for repairs to the stairs. She maintains that she provided the court with several photographs "clearly showing that the stairs were in a poor and defective condition."

Under Rhode Island common law, premises liability

> "imposes an affirmative duty upon owners and possessors of property[] 'to exercise reasonable care for the safety of persons reasonably expected to be on the premises * * * includ[ing] an obligation to protect against the risks of a dangerous condition existing on the premises, provided the landowner knows of, or by the exercise of reasonable care would have discovered, the dangerous condition.'" Kurczy v. St. Joseph Veterans Association, Inc., 820 A.2d 929, 935 (R.I. 2003) (quoting Tancrelle v. Friendly Ice Cream Corp., 756 A.2d 744, 752 (R.I. 2000)).[5]

"In cases involving a latent defect, the plaintiff must prove that 'sufficient evidence existed to show that the defendants knew or should have known of an unsafe condition on their

---

[5] The plaintiff cites to G.L. 1956 § 34-18-22 for the proposition that "[a] Landlord owes a duty to his/her tenants and their guests to keep common areas in a reasonably safe condition consistent with the reasonably anticipated use of the common area." This statute, however, is not applicable to the facts of this case because, at the time of the incident, the parties were living together as common-law husband and wife. Section 34-18-11(17) defines "[t]enant" as "a person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others[.]" The record is devoid of any rental agreement plaintiff may have had; therefore, she was not a tenant for the purposes of § 34-18-22.

premises.'" Bromaghim v. Furney, 808 A.2d 615, 617 (R.I. 2002) (quoting Massart v. Toys R Us, Inc., 708 A.2d 187, 189 (R.I. 1998)). "The mere existence of [a dangerous or defective] condition * * * is not sufficient to charge [the] defendant with negligence." Antonakos v. Providence Institution for Savings, 94 R.I. 382, 385, 181 A.2d 101, 103 (1962). Therefore, a plaintiff "must present evidence of an unsafe condition on the premises of which the defendant was aware or should have been aware, and that the condition existed for a long enough time so the owner of the premises should have taken steps to correct the condition." Bromaghim, 808 A.2d at 617 (citing Barone v. Christmas Tree Shop, 767 A.2d 66, 68 (R.I. 2001)).

No such evidence in this record demonstrates that any defect in the step existed for sufficient time to justify charging defendant with notice. The plaintiff confirmed that no other steps or railings were deficient. She also said that when she left the premises that night she trod on the very step that collapsed on her return, but that she had not noticed anything unusual about the step. Furthermore, she testified that each and every time she arrived at or left the premises she stepped on that same step and that she never had noticed anything wrong with it.

Therefore, "our review of the testimony presented by * * * plaintiff[] has disclosed no evidence of knowledge, actual or constructive, of a dangerous condition on * * * defendant's part." Pandozzi v. Providence Lodge No. 14 of the Benevolent and Protective Order of Elks, 496 A.2d 928, 930 (R.I. 1985). And "[w]hen no evidence of * * * defendant's negligence exists, the granting of [summary judgment] by the trial justice is legally required, as it was in this case." Id.

The plaintiff further contends that she has met all the requirements of the res ipsa loquitur doctrine because the stair that gave way was under defendant's control without any negligence on her part. She claims that, but for negligent maintenance, the stair would not have broken.

- 5 -

"Res ipsa loquitur is not a rule of either procedural or substantive tort law but is rather a form of circumstantial evidence." Errico v. LaMountain, 713 A.2d 791, 795 (R.I. 1998) (citing Konicki v. Lawrence, 475 A.2d 208, 210 (R.I. 1984)). "Where applicable, the doctrine 'establishes inferential evidence of a defendant's negligence, thus making out a prima facie case for a plaintiff, and casts upon a defendant the burden of rebutting the same to the satisfaction of the jury.'" Id. (quoting Marshall v. Tomaselli, 118 R.I. 190, 197 n.3, 372 A.2d 1280, 1284 n.3 (1977)). The plaintiff still has the burden of proof, "but the defendant has the burden of going forward with the evidence." Id. (quoting Marshall, 118 R.I. at 197 n.3, 372 A.2d at 1284 n.3).

Nevertheless, "[t]he causal connection between negligence and a plaintiff's injury must be established by competent evidence and may not be based on conjecture or speculation." McLaughlin, 754 A.2d at 98 (quoting Skaling v. Aetna Insurance Co., 742 A.2d 282, 288 (R.I. 1999)). "Thus, although, '[c]ausation is proved by inference' and, although '[p]roof by inference need not exclude every other possible cause, * * * it must be based on reasonable inferences drawn from the facts in evidence.'" Id. (quoting Skaling, 742 A.2d at 288). Therefore, "[t]he mere occurrence of an accident, without more, does not warrant an inference that a defendant has been negligent." Id. (quoting Hernandez v. Fernandez, 697 A.2d 1101, 1103 (R.I. 1997)).

In Errico, 713 A.2d at 795-96, this Court upheld the res ipsa loquitur claim of a plaintiff who fell from her balcony due to a rotted balcony railing. The plaintiff in Errico submitted photographs into evidence which demonstrated the visible deterioration of the railing before the accident. Id. at 794. The plaintiff here, however, has not offered any similar evidence to substantiate her claims.[6] No reasonable inferences can be drawn from the facts in evidence if no competent evidence is provided. "This evidentiary deficiency, which undermined * * *

_____

[6] Although plaintiff contends that she "filed both an affidavit that Defendant/Appellee was working on the stair and several pictures showing the obvious defect[,]" we were unable to locate such filings in the record.

plaintiff's allegations of general negligence, also vitiates * * * plaintiff's chance to benefit from the doctrine of <u>res</u> <u>ipsa</u> <u>loquitur</u>." <u>Montuori v. Narragansett Electric Co.</u>, 418 A.2d 5, 13 (R.I. 1980) (citing <u>Carnevale v. Smith</u>, 122 R.I. 218, 225, 404 A.2d 836, 841 (1979)). Therefore, we agree with the hearing justice and hold that the doctrine of <u>res</u> <u>ipsa</u> <u>loquitur</u> cannot properly be applied to the facts of this case.

After reviewing the evidence in the light most favorable to the plaintiff, it is our opinion that no genuine issues of material fact exist. Accordingly, we hold that the hearing justice properly granted summary judgment in the defendant's favor on the plaintiff's complaint.

**IV**

**Conclusion**

For the foregoing reasons, the judgment appealed from is affirmed. The record shall be remanded to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Pocahontas Cooley v. Paul Kelly. |
| **Case Number** | No. 2014-337-Appeal.<br>(PC 07-2627) |
| **Date Opinion Filed** | May 24, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Pocahontas Cooley, Pro Se |
| | For Defendant:<br><br>Stephanie Michel, Esq.<br>Joseph M. Codega, Esq.<br>Erin Illuzzi, Esq. |