Justice Robinson, dissenting.
 

 I must respectfully but most vigorously record my dissent from the majority's opinion in this case. It is my position that Karen Dent failed to point to any evidence, direct and/or circumstantial, on the basis of which one could infer that PRRC, Inc. d/b/a Price Rite (Price Rite), had actual or constructive knowledge of the spill which purportedly caused her to fall and sustain an injury. For that reason, I am definitely of the opinion that summary judgment was appropriately granted in this case.
 

 I am well aware of the following normative consideration relative to motions under Rule 56 of the Superior Court Rules of Civil Procedure in negligence cases: "In Rhode Island the general rule is that negligence is a question for the jury unless the facts warrant only one conclusion."
 
 [1]
 

 DeNardo v. Fairmount Foundries Cranston, Inc.
 
 ,
 
 121 R.I. 440
 
 , 448,
 
 399 A.2d 1229
 
 , 1234 (1979) ;
 
 see also
 

 Gliottone v. Ethier
 
 ,
 
 870 A.2d 1022
 
 , 1028 (R.I. 2005). However, as one reflects upon that fundamental principle, it is important not to gloss over the adjective "general" as well as the explicit "unless" clause in the just-quoted sentence. Stated differently, the law is clear that there can be cases (exceptional perhaps, but real nonetheless) where summary judgment is appropriate even in the context of a case of alleged negligence.
 
 See generally
 

 Haynes v. Alfred A. Knopf Inc.
 
 ,
 
 8 F.3d 1222
 
 , 1234 (7th Cir. 1993) (Posner, C.J.) ("[S]ummary judgment is properly granted to a defendant when on the basis of the evidence obtained in pretrial discovery no reasonable jury could render a verdict for the plaintiff.");
 
 see also
 

 Wray v. Green
 
 ,
 
 126 A.3d 476
 
 , 479-80 (R.I. 2015). In my judgment, this is one of those cases.
 

 We have been repeatedly explicit with respect to a plaintiff's burden when a defendant moves for summary judgment: the plaintiff has the burden of "produc[ing] competent evidence t[o] prove[ ] the existence of a disputed issue of material fact[.]"
 
 Moura v. Mortgage Electronic Registration Systems, Inc.
 
 ,
 
 90 A.3d 852
 
 , 856 (R.I. 2014) (internal quotation marks omitted);
 
 see
 

 Wyso v. Full Moon Tide, LLC
 
 ,
 
 78 A.3d 747
 
 , 750 (R.I. 2013) ;
 
 DeMarco v. Travelers Insurance Co.
 
 ,
 
 26 A.3d 585
 
 , 605 (R.I. 2011) ;
 
 Cullen v. Lincoln Town Council
 
 ,
 
 960 A.2d 246
 
 , 248 (R.I. 2008). While a plaintiff confronted with a summary judgment motion need not "disclose * * * all [his or her] evidence, [said plaintiff] must demonstrate that he [or she] has evidence of a substantial nature, as distinguished from legal conclusions, to dispute the moving party on material issues of fact."
 
 Mruk v. Mortgage Electronic Registration Systems, Inc.
 
 ,
 
 82 A.3d 527
 
 , 532 (R.I. 2013). Put another way, the plaintiff "cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions."
 
 Cooley v. Kelly
 
 ,
 
 160 A.3d 300
 
 , 304 (R.I. 2017) (internal quotation marks omitted);
 
 see
 

 Habershaw v. Michaels Stores, Inc.
 
 ,
 
 42 A.3d 1273
 
 , 1275 (R.I. 2012) ;
 

 Empire Acquisition Group, LLC v. Atlantic Mortgage Co., Inc.
 
 ,
 
 35 A.3d 878
 
 , 882 (R.I. 2012). Failure to abide by the above-cited principles as to the non-movant's responsibility in the Rule 56 context can be fatal to the non-movant.
 
 See
 

 Rohena v. City of Providence
 
 ,
 
 154 A.3d 935
 
 , 938 (R.I. 2017) ("Because the plaintiff failed to produce evidence showing that the city possessed the requisite knowledge to have 'willfully or maliciously' failed to guard or warn of a known danger, this argument does not carry the day.").
 

 In this premises liability case, one of the essential elements that plaintiff was required to prove in order to prevail is that Price Rite had actual or constructive notice of the unsafe condition that purportedly caused her to fall.
 
 See
 

 Cooley
 
 ,
 
 160 A.3d at 304-05
 
 . Accordingly, when confronted with a summary judgment motion filed by defendant, she was required to produce competent evidence of either actual or constructive notice.
 
 Moura
 
 ,
 
 90 A.3d at 856
 
 . After my thorough perusal of the record in this case and viewing all of the evidence in the light most favorable to plaintiff, I am unable to conclude that she produced any such evidence, either direct or circumstantial. The majority relies on the following evidence as predicates for its conclusion that plaintiff satisfied her burden of production as the non-moving party under Rule 56 : a "video taken by defendant's security camera * * * depict[ing] plaintiff slipping and falling in an aisle of defendant's store" and "deposition testimony from defendant's employees * * *." The video in question shows what happened at the moment that plaintiff slipped.
 
 [2]
 
 The majority opinion correctly states that the
 video did not record continuously and was triggered by movement. That fact alone, however, does not create, as the majority seems to contend, an issue of material fact. I agree with the majority that it is unclear from the video how long the liquid on which plaintiff slipped had been present on the floor. However, it was not plaintiff's burden to point to evidence only to show that it was not clear how long the spill was present on the floor; rather, she was required to point to competent evidence based on which one could infer that the spill existed, at the location in question, for such a duration as to amount to constructive notice. The video in question does not in any way support an inference that the spill existed for a long enough time to amount to constructive notice; and, for that matter, it does not establish a genuine issue of material fact.
 
 Pimentel v. Deutsche Bank National Trust Co.
 
 ,
 
 174 A.3d 740
 
 , 744 (R.I. 2017) ("[A] demonstration of mere factual disputes will not defeat summary judgment; the requirement is that there be no
 
 genuine
 
 issue of
 
 material
 
 fact.") (emphases in original) (internal quotation marks omitted). The plaintiff based her objection to defendant's summary judgment motion on nothing more than conjecture and speculation and facts of a non-probative nature; so scantily supported an objection is insufficient to permit the non-movant to survive a motion for summary judgment.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 Habershaw
 
 ,
 
 42 A.3d at 1274-75, 1277
 
 (deposition testimony by the plaintiff that the floor where she slipped and fell was "shiny" was not "competent evidence of defendant's negligence and plaintiff's allegation [was] nothing more than conjecture or speculation") (internal quotation marks omitted).
 

 The majority also relies upon what it characterizes as the "deposition testimony from defendant's employees." The majority, however, does not provide any explanation with respect to what specific statements of the employees it is relying upon. Contained in the record are the depositions of Jeffrey O. Sparfven, a former Price Rite store manager; David Walmsley, a current (at the time of deposition) store manager; and Brian Betances, a former assistant manager. However, after my thorough review of the deposition testimony of all three individuals, I remain entrenched in the belief that Ms. Dent has presented no competent evidence on the basis of which one could infer that there was actual or constructive notice in this case.
 

 We have repeatedly stated that "summary judgment should enter against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *."
 
 Holley v. Argonaut Holdings, Inc.
 
 ,
 
 968 A.2d 271
 
 , 274 (R.I. 2009) (internal quotation marks omitted);
 
 see
 

 Genao v. Litton Loan Servicing, L.P.
 
 ,
 
 108 A.3d 1017
 
 , 1021 (R.I. 2015) ;
 
 see also
 

 Lavoie v. North East Knitting, Inc.
 
 ,
 
 918 A.2d 225
 
 , 228 (R.I. 2007) ("[C]omplete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.") (alteration in original) (internal quotation marks omitted). Ms. Dent has failed to make such a showing in this case. Accordingly, in my judgment, summary judgment was appropriately entered against her.
 
 See
 

 Cooley
 
 ,
 
 160 A.3d at 305
 
 (stating that "our review of the testimony presented by * * * plaintiff[ ] has disclosed no evidence of knowledge, actual or constructive, of a dangerous condition on * * * defendant's part. * * * And [w]hen no evidence of * * * defendant's negligence exists, the granting of [summary judgment] by the trial justice is legally required") (internal quotation marks omitted).
 

 For the foregoing reasons, I must record my vigorous dissent from the majority's
 opinion in this summary judgment case.
 

 Over the years, I have repeatedly articulated my conviction that disposition of civil cases by summary judgment is a procedural tool that should be engaged in with particular caution and circumspection.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 DeMaio v. Ciccone
 
 ,
 
 59 A.3d 125
 
 , 129 (R.I. 2013) ("Summary judgment is a drastic remedy, and a motion for summary judgment should be dealt with cautiously.");
 
 Estate of Giuliano v. Giuliano
 
 ,
 
 949 A.2d 386
 
 , 390 (R.I. 2008). I have also joined in opinions of this Court to the effect that only rarely should negligence cases be disposed of by that mechanism.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 Limoges v. Nalco Co.
 
 ,
 
 157 A.3d 567
 
 , 571 (R.I. 2017) ;
 
 Gliottone v. Ethier
 
 ,
 
 870 A.2d 1022
 
 , 1028 (R.I. 2005). However, rarely does not mean never.
 

 I consider it important to clarify certain statements made in the Facts and Travel portion of the majority opinion with respect to the videotape evidence at issue. The following are the statements in that opinion to which I am referring:
 

 "[P]laintiff returned to aisle six in search of her husband, but she slipped on a 'brownish oily substance' and was immobilized. Meanwhile, a porter[ ] was mopping up liquid in an adjacent aisle.
 
 [3]
 
 "
 

 Footnote 3 that relates to the just-quoted sentences reads as follows:
 

 "A video, taken on Price Rite's security camera, captures the porter mopping the aisle adjacent to aisle six and plaintiff's slip-and-fall accident. However, the video is not time-stamped and is not continuously streaming, because the camera records only if it is triggered by movement in the aisle."
 

 In my judgment, neither of those statements is wholly accurate. When one reviews the video footage in this case, it is clear that, of the many videos contained in the record, no single video shows both plaintiff's slip and fall as well as a porter mopping in an adjacent aisle. In actuality, there is a video of aisle six, which shows plaintiff's slip and fall, and another video of an adjacent aisle, which shows a porter mopping. However, as the majority candidly notes, these videos are not time-stamped, nor are they continuous streaming videos. As such, we have no way of knowing that plaintiff slipped and fell
 
 while
 
 (the majority says "[m]eanwhile") a porter was mopping in an adjacent aisle. We know only that those two events happened, but there is no evidence in the record that they happened contemporaneously. Indeed, plaintiff's counsel conceded as much to the hearing justice, stating that "[t]here is no absolute way to absolutely determine that because of timestamps." (It is clear from the record that, in referencing time stamps, plaintiff's counsel was referring to the lack of time stamps on the surveillance videos.) Additionally, in the bench decision that he rendered just after viewing the videos which plaintiff asserted were relevant to her case, the hearing justice made the following statement with respect to the evidence of the porter mopping in an adjacent aisle: "Although Dent has argued that a porter had noticed the drops, whatever the substance was, and began cleaning them on a different aisle before Dent fell, this is not established in the record."
 

 I would add as well that, even if I were to accept the facts exactly as set forth by the majority, it would not alter my belief that Ms. Dent failed to produce competent evidence to survive summary judgment.